**Andrew P. Holland/Bar No. 224737**
aholland@thoits.com
**Mark V. Boennighausen/Bar No. 142147**
mboennighausen@thoits.com
**Nathaniel H. Lipanovich/Bar No. 292283**
nlipanovich@thoits.com
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572

**Attorneys for Plaintiff**
**Bella+Canvas, LLC**

# UNITED STATES DISTRICT COURT

# CENTAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| BELLA+CANVAS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TSC APPAREL, LLC, an Ohio limited liability company; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**(3) ACCOUNT STATED**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Bella+Canvas, LLC ("Plaintiff" or "B+C") alleges against Defendant TSC Apparel, LLC ("TSC"), and Does 1 through 20 (collectively "Defendants"), as follows:

## THE PARTIES

1. B+C is, and at all times herein mentioned was, a California limited liability company with its principal place of business located in Los Angeles County, California.

2. Upon information and belief, TSC is an Ohio limited liability company with distribution centers in various states including one in Fullerton, California.

3. The true names and capacities whether individual, corporate, associate, or otherwise, of the defendants named herein as Does 1 through 20, inclusive, are unknown to B+C and therefore they are sued under fictitious names.

4. B+C is informed and believes, and on that basis alleges, that each defendant designated as a Doe is responsible in some manner for the events described below and caused injuries and damages proximately thereby to B+C, and that the Defendants were the agents, servants, and employees of each other and were acting at all times within the course and scope of said agency, service, and employment, and otherwise acted jointly in concert or conspiracy.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this District.

7.  TSC is a major purchaser of apparel from B+C and has purchased millions of dollars in apparel from B+C over the last several years. This apparel is typically shipped from B+C's facility in this District. The parties' agreement was also negotiated in this District, with B+C being located in this District, as well as some of the discussions between the principals occurring at a trade show in Long Beach, California in 2020.

8.  On information and belief based on TSC's statements on its website, TSC serves all of California with one-day shipping based on its distribution center in Fullerton, California. The center in Fullerton, California includes a showroom and permits customers to pick up orders or have orders shipped from that location to them. On information and belief, TSC regularly attends trade shows in California, including an annual one held in Long Beach, California.

## GENERAL ALLEGATIONS

9.  B+C is in the business of design, manufacture, distribution, and sale of apparel products in multiple channels of distribution.

10. On information and belief, TSC is a clothing supplier that sells and/or re-sells apparel to its customers, including B+C apparel.

11. B+C and TSC have entered into several contracts (sometimes referred to as "incentive agreements") that provide for certain rebates, discounts, and other incentives if TSC meets certain sales goals for the year. The parties' contractual relationship is also governed by the terms of the parties' purchase orders, invoices, and the parties' course of dealing.

12. Under the parties' agreement, B+C sells products to TSC on a Net 30, Net 60, or Net 90 basis, meaning that TSC is required to pay the invoiced amount for products it purchased within 30, 60, or 90 days.

13. Beginning in March 2020, TSC stated that it intended to cancel all pending orders. However, based on the parties' agreement, any cancelled purchase orders, rescheduled shipments, or other product changes requested by TSC were subject to pre-approval by B+C. This pre-approval was not given by B+C. Around this time, TSC began to fall significantly behind on its payments to B+C.

14. As of the date of this complaint, TSC owes B+C over four million, three hundred forty-one thousand dollars for products shipped by B+C and received by TSC. TSC also owes B+C hundreds of thousands of dollars for orders that were placed, but then cancelled without B+C's approval in violation of the parties' agreement.

15. On information and belief and based on the parties' correspondence, TSC desires to return certain apparel that it purchased. However, based on the parties' agreement, products can only be returned if the return is pre-approved by B+C. This did not occur and thus TSC is not permitted to return the apparel it purchased from B+C.

16. Additionally, over the course of the parties' relationship, B+C provided to TSC various concessions, discounts, rebates, return allowances, incentives, and bonuses ("Incentive Payments"). These Incentive Payments totaled over three million dollars and were only offered by B+C to TSC based on the understanding and expectation that TSC would perform all of its obligations under the parties' agreement. TSC breached the agreement, including without limitation by failing to pay for millions of dollars in products that were ordered and received by TSC and by failing to make timely payments to B+C for these products.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

17. B+C realleges and incorporates herein each and every allegation in the preceding and foregoing paragraphs.

18. B+C and TSC have a contract for the purchase and sale of apparel based on purchase orders, invoices, incentive agreement(s), and other agreements exchanged and agreed to by the parties.

19. B+C substantially performed its obligations under the parties' agreement, including by providing apparel to TSC, or B+C was excused from such performance.

20. TSC breached the parties' agreement as set forth in the proceeding allegations, including without limitation as set forth in paragraphs 13-16.

21. TSC's breaches of the parties' agreement harmed B+C, including without limitation based on unpaid invoices and Incentive Payments provided by B+C to TSC.

**SECOND CLAIM FOR RELIEF**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

22. B+C realleges and incorporates herein each and every allegation in the preceding and foregoing paragraphs.

23. B+C and TSC have a contract for the purchase and sale of apparel based on purchase orders, invoices, incentive agreement(s), and other agreements exchanged and agreed to by the parties.

24. B+C substantially performed its obligations under the parties' agreement, including by providing apparel to TSC, or B+C was excused from such performance.

25. The parties' agreement included an implied promise of good faith and fair dealing by TSC.

26. TSC breached the covenant of good faith and fair dealing, and interfered with B+C's benefits under their agreement, including but not limited to by failing to make payments to B+C, by seeking returns not permitted by the agreement, and by receiving Incentive Payments despite TSC not complying with its own obligations under the parties' agreement.

27. TSC's breaches of the covenant of good faith and fair dealing harmed B+C, including without limitation based on unpaid invoices, and Incentive Payments provided by B+C to TSC.

### THIRD CLAIM FOR RELIEF
### (Account Stated)

28. B+C realleges and incorporates herein each and every allegation in the preceding and foregoing paragraphs.

29. B+C is owed money under its agreement with TSC based on its prior financial transactions with TSC.

30. B+C and TSC, by the exchange of invoices, purchase orders, and/or similar documents, agreed that TSC owed B+C at least $4,341,986.47. This figure does not include the Incentive Payments that B+C is also seeking to recover.

31. TSC through its actions, including submission of orders and acceptance of apparel, promised to pay at least $4,341,986.47 to B+C.

32. TSC has refused to pay the amount owed under this account.

33. TSC owes at least $4,341,986.47 to B+C.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against TSC as follows:

1. That B+C is awarded all of its special, consequential, and compensatory damages as permitted by law;
2. For prejudgment interest as permitted by law;
3. For reasonable costs;
4. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

B+C hereby demands trial by jury for this action.

Dated: July 1, 2020

**THOITS LAW**

By: */s/ Andrew Holland*

Andrew P. Holland
**Attorneys for Plaintiff
Bella+Canvas, LLC**