EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
**AKERMAN LLP**
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

JASON S. OLETSKY (*Pro Hac Vice Application Forthcoming*)
jason.oletsky@akerman.com
**AKERMAN LLP**
350 East Las Olas Boulevard, Suite 1600
Ft. Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email:

Attorneys for Defendants
TSC Apparel, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELLA+CANVAS, LLC, | Case No. 2:20-cv-05947-RGK-AS |
| Plaintiffs, | The Hon. R. Gary Klausner |
| v. | |
| TSC APPAREL, LLC, an Ohio limited liability company; and DOES 1 through 20, inclusive, | **DEFENDANT TSC APPAREL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Defendants. | [Fed. R. Civ. P. 12(b)(6)] |
| | Date:      August 31, 2020 |
| | Time:      9:00 a.m. |
| | Courtroom:   850 |
| | Trial Date: None |

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

PLEASE TAKE NOTICE that on August 31, 2020, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 850 of the United States District Court, Central District, located at 255 East Temple Street, Los Angeles, CA 90012, Defendant TSC APPAREL, LLC ("TSC") will and hereby does move this Court for an order dismissing the entire Complaint and each of the claims asserted against it with prejudice, pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6).

This motion is made on the following grounds as more fully set forth in the memorandum of points and authorities:

1. Plaintiff's First Claim for breach of contract fails to state a claim upon which relief can be granted, where Plaintiff fails to allege the material contractual terms it contends TSC breached or attach a copy of the contract at issue.

2. Plaintiff's Second Claim for breach of the implied covenant of good faith and fair dealing fails to state a claim upon which relief can be granted, where the alleged facts do not distinguish Plaintiff's breach of covenant of good faith and fair dealing claim from its breach of contract claim.

3. Plaintiff's Third Claim for account stated fails to state a claim upon which relief can be granted, where it is devoid of any factual allegations establishing the elements of the claim.

This motion is made following a meet and confer with Plaintiff's counsel, as required by Court Central District Local Rule 7-3.

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and records on file with this Court, any matters of which the Court may take judicial notice, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

///

///

///

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

DATED:  July 31, 2020                    AKERMAN LLP

2

3

4                                                 By: /s/ Evelina Gentry

5                                                      Evelina Gentry
                                                       Jason S. Oletsky (*Pro Hac Vice Application*
6                                                      *Forthcoming*)
                                                       Attorneys for Defendants
7                                                      TSC Apparel, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

54024371;2

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

    I.       INTRODUCTION .................................................................. 1

    II.     PLAINTIFFS' ALLEGATIONS ............................................ 1

    III.    LEGAL STANDARD .......................................................... 3

    IV.    ARGUMENT ...................................................................... 4

          A.    PLAINTIFF'S BREACH OF CONTRACT CLAIM
                FAILS ................................................................... 4

          B.    PLAINTIFF'S BREACH OF THE COVENANT OF
                GOOD FAITH AND FAIR DEALING FAILS ............................. 7

          C.    PLAINTIFF'S ACCOUNT STATED CLAIM FAILS .................. 8

    V.     CONCLUSION .................................................................... 9

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AMG & Assocs., LLC v. AmeriPride Servs.*,
  Inc., 2016 WL 9458774 (C.D. Cal. Nov. 23, 2016) .........................................7, 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................................3

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
  222 Cal. App. 3d 1371 (Cal. Ct. App. 1990).......................................................7

*Celador Int'l, Ltd. v. Walt Disney Co.*,
  347 F. Supp. 2d 846 (C.D. Cal. 2004).................................................................7

*First Comm'l Mortg. Co. v. Reece*,
  89 Cal.App.4th 731 (2001)..................................................................................4

*Foley v. Interactive Data Corp.*,
  47 Cal. 3d 654 (1988)..........................................................................................7

*Gardner v. Watson*,
  170 Cal. 570 (1915).............................................................................................8

*Gilmore v. Lycoming Fire Ins. Co.*,
  55 Cal. 123 (1880)...............................................................................................4

*Gleason v. Klamer*,
  103 Cal.App.3d 782 (1980) .................................................................................8

*Glob. Private Funding, Inc. v. Empyrean W., LLC*,
  2014 WL 4542398 (C.D. Cal. Sept. 11, 2014)................................................4, 7

*Langan v. United Servs. Auto. Ass'n*,
  69 F.Supp.3d 965 (N.D. Cal. 2014).....................................................................4

*United States ex rel. Lee v. Corinthian Colls.*,
  655 F.3d 984 (9th Cir. 2011) ...............................................................................4

*Neal v. Quality Loan Service Corp.*,
  301 Fed.Appx. 679 (9th Cir. (Cal.) 2008) ...........................................................4

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Tringali v. Vest*,
  106 Cal.App.2d 720 (1951) ................................................................................9

*Truestone, Inc. v. Simi West Industrial Park II*,
  163 Cal.App.3d 715 (1984) ...............................................................................8

*Twaite v. Allstate Ins. Co.*,
  216 Cal.App.3d 239 (1989) ...............................................................................4

*Withers v. Matthews*,
  192 Cal.App.2d 139 (1961) ...........................................................................8, 9

*Woods v. U.S. Bank N.A.*,
  831 F.3d 1159 (9th Cir. 2016) .......................................................................3, 4

**Rules**

Fed. R. Civ. P. 12(b)(6) .........................................................................................3

**Other Authorities**

Rest.2d Contracts § 205 .........................................................................................7

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 2:20-cv-05947-RGK-AS
**TSC'S NOTICE OF MOTION AND MOTION TO DISMISS**

54024371;2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The Complaint filed by Plaintiff Bella + Canvas, LLC ("Plaintiff") alleges a number of factually and legally deficient claims for relief against Defendant TSC Apparel, LLC ("TSC," together with Plaintiff, the "Parties") that arise from multiple contracts between the Parties for purchase of apparel.  As discussed below, each of Plaintiff's claims fail as a matter of law and should be dismissed and/or stricken without leave to amend.

First, Plaintiff's breach of contract claim fails because Plaintiff has not alleged material contractual terms it contends TSC breached or attach a copy of the contract.  Additionally, Plaintiff's allegations of breach are conclusory and uncertain.  Second, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails because the alleged facts do not distinguish Plaintiff's breach of covenant of good faith and fair dealing claim from its breach of contract claim.  Third, Plaintiff's claim for account stated fails because the Complaint is devoid of any factual allegations establishing: (1) that the previous transactions between TSC and Plaintiff established a debtor/creditor relationship; (2) that the parties agreed on the amount due from TSC to Plaintiffs; or (3) that TSC agreed to pay any amount.

Accordingly, TSC respectfully requests that the Court grant its Motion to Dismiss and that the Complaint and each claim therein be dismissed.

## II.   PLAINTIFFS' ALLEGATIONS

According to the Complaint, Plaintiff "is in business of design, manufacture, distribution and sale of apparel products" and "TSC is a major purchaser of apparel from [Plaintiff]." (Compl., ¶¶ 7, 9).  Plaintiff alleges that it and TSC "have entered into several contracts (sometimes referred to as 'incentive agreements') that provide for certain rebates, discounts, and other incentives if TSC meets certain sales goals for the year." (*Id.*, ¶ 11).  Plaintiff further avers that "[t]he parties' contractual relationship is also governed by the terms of the parties' purchase orders, invoices, and the parties' course of

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

dealing." (*Id.*, *see also* ¶ 18)  Plaintiff does not attach any copies of the alleged contracts or plead any specific terms of the contracts at issue.  Plaintiff generally avers that "[u]nder the parties' agreement, … TSC is required to pay the invoiced amount for products within 30, 60, or 90 days." (Id., ¶ 12).  However, there are no allegations stating TSC is delinquent based on this payment scheme.  Plaintiff also does not attach any specific past-due invoices or specify which of the many agreements TSC is allegedly bound by are now in breach.

Plaintiff then asserts that "[b]eginning in March 2020, TSC stated that it intended to cancel all pending orders," however, "based on the parties' agreement, any cancelled purchase orders …were subject to pre-approval by [Plaintiff]" but "such approval was not given." (*Id.,* ¶ 13).  Plaintiff does not allege any specific terms of the cancellation policy in any contract, course of dealing or provide any factual support for the purported cancellations.

Plaintiff then avers that "[a]round this time, TSC began to fall significantly behind on its payments to [Plaintiff]." (*Id.*)  Without providing <u>any</u> details of the alleged breach, Plaintiff simply concludes that "[a]s of the date of this complaint, TSC owes [Plaintiff] over four million, three hundred forty-one thousand dollars for products shipped by [Plaintiff] and received by TSC." (*Id.*, ¶ 14.)  Plaintiff also concludes that "TSC also owes [Plaintiff] hundreds of thousands of dollars for orders that were placed, but then cancelled without [Plaintiff's] approval in violation of the parties' agreement." (*Id.*)  Again, there are no details of the alleged cancellations or any specifics about the allegedly violated agreement.   Plaintiff also makes unclear allegations about TSC's "desire to return certain apparel." (Compl., ¶ 15).  Plaintiff's anticipatory return allegations are confusing and lack any merit, where Plaintiff does not assert a claim for an anticipatory breach.

Plaintiff then changes tack and alleges that it has provided TSC with various "Incentive Payments," which "totaled over three million dollars." (*Id.*, ¶ 16)  Plaintiff states that these Incentive Payments "were only offered … to TSC based on the

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TSC'S NOTICE OF MOTION AND MOTION TO DISMISS**
54024371:2

understanding and expectation that TSC would perform all of its obligations under the parties' agreement." (*Id*.)  It is not clear which agreement or agreements Plaintiff references, what the specific alleged terms of such agreement are, and how such allegations would arise to a breach under the alleged agreement.  Plaintiff also fails to attach a copy of the Incentive Payments agreement.  Instead, Plaintiff just concludes that "TSC breached the agreement, *including without limitation* by failing to pay for millions of dollars in products that were ordered and received by TSC and by failing to make timely payments to [Plaintiff] for these products."

These confusing allegations make it impossible for TSC or the Court to know what agreement it is alleged to have breached and what the actual breach was, *i.e.*, non-payment, cancellation, pre-emptive returns, or an unspecified breach of the Incentive Payments agreement.

## III.   **LEGAL STANDARD**

The Court should dismiss Plaintiff's claims for breach of contract, breach of the covenant of good faith and fair dealing, and account stated for failing to state a claim under Fed. R. Civ. P. 12(b)(6).

Rule 12(b)(6) allows a defendant to challenge a complaint for failing to set forth a cognizable legal theory or for failing to allege sufficient facts to support a cognizable legal theory. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  *Id.* at 678 (citations and internal quotation marks omitted).

Where, as here, a claim does not contain factual matter sufficient "to state a claim to relief that is plausible on its face," the claim must be dismissed. *Id.* at 697. (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. " *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678); *see also Woods*, 831 F.3d at 1162.

As set out in detail below, all of Plaintiff's claims fail to sufficiently allege a claim for which relief can be granted, which warrants dismissal.

## IV.   ARGUMENT

### A.   PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS

A party must allege specific facts supporting the necessary elements of breach of contract claim under California law, in order to plead a viable breach of contract claim for relief in district court. *Neal v. Quality Loan Service Corp.,* 301 Fed.Appx. 679, 680 (9th Cir. (Cal.) 2008). Under California law, the elements of a claim for breach of contract are: "the existence of the contract, performance by or excuse for nonperformance by the plaintiff, breach by the defendant, and damages." See *First Comm'l Mortg. Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001). To state a cause of action for breach of contract, "it is *absolutely essential* to plead the terms of the contract either *in haec verba* or according to legal effect." *See Twaite v. Allstate Ins. Co.*, 216 Cal.App.3d 239, 252 (1989) (emphasis added).

The California Supreme Court long ago established that "[w]here a party relies upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth [*in haec verba*], nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." *Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal. 123, 124 (1880). "A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint." *Langan v. United Servs. Auto. Ass'n*, 69 F.Supp.3d 965, 979-980 (N.D. Cal. 2014), citing *Twaite* at 252; see also

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Glob. Private Funding, Inc. v. Empyrean W., LLC*, 2014 WL 4542398, at *3 (C.D. Cal. Sept. 11, 2014) (Plaintiff's breach of contract claim dismissed for for failure to attach of the contract allegedly breached).

Plaintiff's pleading falls well short of these fundamental requirements. While the Complaint alleges the parties entered into "several contracts" and their relationship "is also governed by the terms of the parties' purchase orders, invoices, and the parties' course of dealing," (Compl., ¶ 11), it fails to attach copies of the alleged contracts or plead all the material terms of these contracts. Instead, Plaintiff cherry-picks small portions of each of those contract in no coherent fashion and alleges that those portions were breached. However, it is impossible for TSC to properly formulate a defense when Plaintiff fails to specifically identify *what clause* of *which contract* – or alleged course of dealing – was breached and *how*.

For instance, Plaintiff alleges that, pursuant to "the parties' agreement" – which alleged contract it does not say – TSC was required to obtain a pre-approval to cancel orders. (*Id*., ¶ 13). However, Plaintiff does not allege any material terms of the supposed agreement pertaining to the cancellation policy, nor does it allege any details of the purportedly cancelled orders. Instead, Plaintiff simply concludes that TSC owes it "hundreds of thousands of dollars" for those purportedly cancelled orders "in violation of the parties' agreement." (Compl., ¶ 14). Plaintiff's uncertain allegations leave TSC guessing what orders Plaintiff perceives to have been cancelled under what contract, and what specific amount the alleged "hundreds of thousands of dollars" in cancelled orders means: two hundred thousand, five hundred thousand, nine hundred thousand?

Plaintiff also alleges that at the beginning of March 2020, "TSC began to fall significantly behind on its payments to Plaintiff." (Compl., ¶ 13). Without providing any details of the payment terms, Plaintiff concludes "[a]s of the date of this complaint, TSC owes [Plaintiff] over four million, three hundred forty-one thousand dollars for products shipped by [Plaintiff] and received by TSC." (*Id*., ¶ 14.) The Complaint is completely devoid of any facts for the basis of the amount owed, *i.e.*, whether it is for

**TSC'S NOTICE OF MOTION AND MOTION TO DISMISS**

54024371;2

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

one transaction or multiple transactions, how was it calculated, what the transaction dates were, or how, if at all, the 30/60/90 days payment scheme alleged in paragraph 12 applies to this alleged breach. (*Id*., ¶¶ 12, 13). Again, it is impossible for TSC to ascertain what material term of the agreement is alleged to have been breached and what amounted to the alleged breach.

Plaintiff also makes unclear allegations about TSC's "desire to return certain apparel." (Compl., ¶ 15). Plaintiff's anticipatory return allegations are confusing and lack any clarity or merit, where Plaintiff does not assert a claim for an anticipatory breach.

Lastly, Plaintiff alleges that it has provided TSC with various "Incentive Payments," which "totaled over three million dollars." (*Id*., ¶ 16) Plaintiff states that these Incentive Payments "were only offered … to TSC based on the understanding and expectation that TSC would perform all of its obligations under the parties' agreement." (*Id*.) It is not clear whether at issue is the same agreement as above or a different agreement. Also unclear are the material terms of the alleged Incentive Payments agreement. Plaintiff also fails to attach a copy of the Incentive Payments agreement. Instead, Plaintiff just concludes that "TSC breached the agreement, *including without limitation* by failing to pay for millions of dollars in products that were ordered and received by TSC and by failing to make timely payments to [Plaintiff] for these products." Based on these allegations, on the one hand, it appears the Incentive Payments program is a separate, performance based contract. However, on the other hand, because Plaintiff includes the failure to make payments as a part of the Incentive Payments program allegations, those two contracts may be one and the same. Also, it is unclear whether the alleged breach was TSC's failure to pay, the receipt of the Incentive Program funds, or some other type of non-performance.

In short, Plaintiff fails to specifically plead the material terms of the allegedly breached contract or attach a copy of the allegedly breached contract(s) to the Complaint. Plaintiff also fails to allege how TSC purportedly breached the alleged contract(s) at issue, *i.e.*, non-payment, cancellation, pre-emptive returns, or an unspecified breach of

the Incentive Payments agreement. Thus, Plaintiff has failed to adequately plead a breach of contract claim. *See e.g., Glob. Private Funding, Inc.* 2014 WL 4542398, at *3 (Motion to dismiss granted where Plaintiff failed to allege some detail regarding the terms of the contract, failed to allege how defendant purportedly breached its contract, and failed to attach the contract at issue). Accordingly, the breach of contract claim should be dismissed as being inadequate to plausibly state a claim for which relief should be granted.

### B.   PLAINTIFF'S BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING FAILS

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683 (1988) (quoting Rest.2d Contracts § 205). In California, however, "[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a [breach of contract claim], they may be disregarded as superfluous as no additional claim is actually stated." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (Cal. Ct. App. 1990), as modified on denial of reh'g (Oct. 31, 2001). The Court's inquiry—based on *Careau*—is not whether the same facts are alleged and same remedy is sought, but instead whether the breach of contract and breach of covenant of good faith and fair dealing claims are distinguishable based on the same facts. *See Celador Int'l, Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 853 (C.D. Cal. 2004); *see also AMG & Assocs., LLC v. AmeriPride Servs.*, Inc., 2016 WL 9458774, at *4 (C.D. Cal. Nov. 23, 2016).

Here, they are clearly not distinguishable. Plaintiff alleges that TSC breached the covenant of good faith and fair dealing "by failing to make payments to [Plaintiff], by seeking returns not permitted by the agreement, and by receiving Incentive Payments despite TSC not complying with its own obligations under the parties' agreement." (Compl., ¶ 26). All these allegations, if true and properly alleged, would establish that

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

54024371;2

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   TSC breached the agreements.   Therefore, the alleged facts in no way distinguish

2   Plaintiff's breach of covenant of good faith and fair dealing claim from its breach of

3   contract claim.  Accordingly, Plaintiff's breach of covenant of good faith and fair dealing

4   should be dismissed.  *See, e.g., AMG & Assocs., LLC*, 2016 WL 9458774, at *4 (This

5   Court granted a Motion to Dismiss as to Plaintiff's breach of covenant of good faith and

6   fair dealing claim because the alleged facts did not distinguish plaintiff's breach of

7   covenant of good faith and fair dealing claim from its breach of contract claim).

8   ## C.   PLAINTIFF'S ACCOUNT STATED CLAIM FAILS

9   An account stated is an agreement between the parties that a certain sum shall be

10   paid and accepted in discharge of an obligation.  *See Truestone, Inc. v. Simi West*

11   *Industrial Park II*, 163 Cal.App.3d 715, 725 (1984); *Withers v. Matthews*, 192

12   Cal.App.2d 139, 141 (1961).  In order to set forth a cause of action for an account stated,

13   the plaintiff must allege three essential elements: (1) at the time of the statement, an

14   indebtedness from one party to the other existed, (2) a balance was then struck and agreed

15   to be the correct sum owing from the debtor to the creditor, and (3) the debtor expressly

16   or impliedly promised to pay to the creditor the amount thus determined to be

17   owing. *Id.* at 725 (*quoting H. Russell Taylor's Fire Prevention Service, Inc. v. Coca Cola*

18   *Bottling Corp.*, 99 Cal.App.3d 711, 726 (1979)).  Thus, an action on an account stated is

19   an entirely new contract by and under which the parties have adjusted their differences

20   and mutually reached an agreement; it is not based upon the original terms, but upon a

21   balance agreed to by the parties, and no inquiry may be made into original

22   terms. *See Gleason v. Klamer*, 103 Cal.App.3d 782, 786-787 (1980); *Gardner v. Watson*,

23   170 Cal. 570, 574 (1915).

24   Here, Plaintiff's claim for an account stated fails as a matter of law because

25   Plaintiff has failed to set forth sufficient factual allegations to support it.  Indeed,

26   Plaintiff's Complaint is devoid of any allegations that a "balance was struck" between it

27   and TSC whereby TSC agreed that it was indebted to Plaintiff in the amount of

28   $4,341,986.47.  Instead, Plaintiff has only alleged, in conclusory fashion, that "[Plaintiff]

is owned money" for a certain amount.  (Compl., ¶ 30).  This is far from specifically alleging facts, as Plaintiff must do, showing that a specific balance was struck, separate and apart from the parties' existing contracts, whereby TSC agreed to pay Plaintiff the sums of $4,341,986.47.  *See Tringali v. Vest*, 106 Cal.App.2d 720, 722 (1951) ("to constitute an account stated, there must be something more than a showing that a statement setting forth the account is sent the debtor. There must be an admission of the correctness of that account by the debtor . . ."); *Withers, supra*, 192 Cal.App.2d at 141 ("To constitute an account stated, it must appear that at the time of the statement an indebtedness from one party to the other existed, that a balance was then struck and agreed to be the correct sum owing from the debtor to the creditor, and that the debtor expressly or impliedly promised to pay to the creditor the amount thus determined to be owing.").

Thus, because Plaintiff has failed to allege that any specific balances were struck or that TSC agreed as to the correctness of those balances, its claims for an account stated is defective and should be dismissed.

## V.   CONCLUSION

For the reasons stated above, TSC respectfully requests that the Court grant its Motion to Dismiss and that the Complaint and each claim therein be dismissed.

Respectfully submitted,

DATED:  July 31, 2020          AKERMAN LLP


By: _/s/ Evelina Gentry_
    Evelina Gentry
    Jason S. Oletsky (*Pro Hac Vice Application Forthcoming*)
    Attorneys for Defendants
    TSC Apparel, LLC

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342