**Andrew P. Holland/Bar No. 224737**
aholland@thoits.com
**Mark V. Boennighausen/Bar No. 142147**
mboennighausen@thoits.com
**Nathaniel H. Lipanovich/Bar No. 292283**
nlipanovich@thoits.com
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 205
Los Altos, California 94022
Telephone:  (650) 327-4200
Facsimile:  (650) 325-5572

**Attorneys for Plaintiff
Bella+Canvas, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BELLA+CANVAS, LLC,** <br><br>         Plaintiff, <br><br>    v. <br><br> **TSC APPAREL, LLC, an Ohio limited liability company; and DOES 1 through 20, inclusive,** <br><br>         Defendants. | Case No.:   2:20-cv-05947-RGK-(AS) <br><br> **BELLA+CANVAS, LLC'S OPPOSITION TO TSC APPAREL, LLC'S MOTION TO DISMISS COMPLAINT** <br><br> [Fed. R. Civ. P. 12(b)(6)] <br><br> Date:           August 31, 2020 <br> Time:           9:00 a.m. <br> Courtroom:  850 <br> Trial Date:    Not Yet Set |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION……………………………………………………1

II. LEGAL STANDARD ………………………………………………2

III. ARGUMENT ………………………………………………………2

    A. The Complaint States A Claim For Breach of Contract ………2

    B. The Complaint States A Claim For Breach of the Covenant of Good Faith and Fair Dealing…………………………………….7

    C. The Complaint States A Claim For Account Stated …………8

IV. LEAVE TO AMEND………………………………………………9

V. CONCLUSION …………………………………………………… 10

THOITS LAW
A PROFESIONAL CORPORATION

i

BELLA+CANVAS' OPPOSITION TO TSC APPAREL'S MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

Page

**Cases**

*3W s.a.m. tout bois v. Rocklin Forest Prod., Inc.*, No. 2:10-CV-01070, 2011 WL 489735, at *5 (E.D. Cal. Feb. 7, 2011) ............................ 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................ 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................... 2

*Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 234218, at *5 (N.D. Cal. Jan. 21, 2014) ...................................... 6

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371 (1990) ................................................................................ 8

*Dreyer's Grand Ice Cream, Inc. v. Ice Cream Distributors of Evansville, LLC*, No. 10-00317 CW, 2010 WL 1957423, at *4–5 (N.D. Cal. May 14, 2010) ..................................................... 8, 9

*Eberz v. CitiMortgage, Inc.*, No. 2:12-CV-4746-SVW-MRW, 2012 WL 12897373, at *3 (C.D. Cal. Sept. 12, 2012) ............................. 5

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ... 2, 9

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997) .................. 2

*In Glob. Private Funding, Inc. v. Empyrean W., LLC*, 2014 WL 4542398, at *3 (C.D. Cal. Sept. 11, 2014) ...................................... 4

*Land O'Lakes, Inc. v. Dairyamerica, Inc.*, No. 115CV01937DADMJS, 2017 WL 495644, at *6 (E.D. Cal. Feb. 6, 2017) ......................... 4, 5

*Langan v. United Services Automobile Association* 69 F.Supp.3d 965 (N.D. Cal. 2014) ...................................................................... 4

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) .................................................................................. 2

*Neal v. Quality Loan Service Corp.*, 301 Fed.Appx. 679 (9th Cir. 2008) .................................................................................. 3

*Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538 (9th Cir. 1988) ....................................... 9

*Professor Brainstorm, LLC v. Aronowitz*, No. CV0905644RGKSSX, 2009 WL 10675891, at *2 (C.D. Cal. Dec. 8, 2009) (Klausner, J.) ........ 3

*Riese v. Chase Home Fin., LLC*, No. C 11-03297 NJV, 2011 WL 4344590, at *2 (N.D. Cal. Sept. 13, 2011) ........................................ 4

THOITS LAW
A PROFESIONAL CORPORATION

*Syndicate Films Int'l, LLC v. All. Films, Inc.*, No. CV 09-3873 PA (CTX), 2010 WL 11519582, at *5 (C.D. Cal. Feb. 2, 2010) ................. 7

*Truestone Inc. v. Simi West Industrial Park II*, 163 Cal. App. 3d 715, 725 (1984) ............................................................................... 9

*Withers v. Matthews*, 192 Cal. App. 2d 139 (1961) ............................... 9

**Rules**

Federal Rule of Civil Procedure 8 ........................................... 1, 3, 5, 8

Federal Rule of Civil Procedure 8(a) ................................................ 2

Federal Rule of Civil Procedure 8(b)(3) ............................................ 7

## I. INTRODUCTION

This lawsuit involves is a dispute between Bella+Canvas, LLC ("B+C") and one of its customers, TSC Apparel, LLC ("TSC"). TSC ordered millions of dollars in apparel from B+C, the apparel was shipped to TSC, and TSC hasn't paid. At the time the Complaint was filed, TSC owed B+C more than four million dollars in past-due payments and had received millions of dollars in incentives and rebates conditioned on TSC making full and timely payments that must be returned.

TSC's Motion To Dismiss (Dkt. 15, "Motion") does not dispute any of these basic facts. There is no argument that TSC does not have an agreement with B+C. There is no argument that TSC did not purchase apparel from B+C. Nor is there any argument that TSC does not owe millions of dollars to B+C. Instead, the Motion attacks snippets from the Complaint by discussing them in isolation without reference to the federal court pleading standard.

Notably, TSC never even mentions Federal Rule of Civil Procedure 8, which governs the pleading standards of the Complaint. In fact, federal procedural law is ignored for the vast majority of the Motion in favor of state court cases. TSC's breach of contract argument, for example, cites to pleading requirements from an 1880 California Supreme Court decision. Motion at 4:21-25. TSC's covenant of good fair and fair dealing argument similarly cites to state law. Motion at 7:10-23. And TSC's argument against the account stated claim is based entirely on state court authority, the majority of which involved an appeal after summary judgment or trial, not a decision at the pleading stage, and certainly not a decision under the federal pleading rules.

Applying Federal Rule 8, and viewing the Complaint in the light most favorable to B+C, TSC's Motion should be denied.

1

BELLA+CANVAS' OPPOSITION TO TSC APPAREL'S MOTION TO DISMISS COMPLAINT

## II. LEGAL STANDARD

Federal court plaintiffs are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, a plaintiff must allege only "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Twombly*, 550 U.S. at 570). The issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Thus, "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan*, 108 F.3d at 249. Leave to amend "shall be freely given." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

## III. ARGUMENT

### A. The Complaint States A Claim For Breach of Contract

B+C has alleged all the elements of a breach of contract claim. The Complaint alleges an agreement with TSC. Compl. ¶ 11. It alleges that under that agreement TSC was to pay for products within 30, 60, or 90 days. *Id.* ¶ 12. The complaint alleges that B+C performed its obligations, including by providing apparel to TSC. *Id.* ¶ 19. The complaint alleges that starting in March 2020 "TSC began to fall significantly behind on its

payments to B+C.  *Id.* ¶ 13.  And the Complaint alleges that TSC ultimately breached the agreement by failing to make timely payments and that B+C has suffered damages in excess of four million dollars for unpaid invoices plus millions of dollars more in incentives and rebates that were conditioned on full and timely payment.  *Id.* ¶ 16 ("TSC breached the agreement, including without limitation by failing to pay for millions of dollars in products that were ordered and received by TSC and by failing to make timely payments to B+C for these products."), ¶ 21 (alleging harm based on unpaid invoices and incentive payments).  This is sufficient to state a claim for breach of contract.

      TSC's entire argument on the breach of contract claim is premised on a misreading of an unpublished, three-paragraph Ninth Circuit opinion that TSC relies on to argue that a plaintiff "must allege specific facts necessary to support the necessary elements of breach of contract claim under California law."  Motion at 4:11-14 (quoting *Neal v. Quality Loan Service Corp.*, 301 Fed.Appx. 679, 680 (9th Cir. 2008)).  TSC tries to turn this sentence into a heightened pleading standard, arguing throughout the Motion that the Complaint "fails to specifically plead the material terms" of the contract.  Motion at 6:25; *see also, e.g.*, *id.* at 5:10-12.  This is not the law, and this Court has already rejected this exact argument:  "Defendant argues that the Court should dismiss Plaintiff's breach of contract claim for failure to allege a breach with sufficient specificity. The Court disagrees. Under California law there is no heightened pleading requirement for a breach of contract claim."  *Professor Brainstorm, LLC v. Aronowitz*, No. CV0905644RGKSSX, 2009 WL 10675891, at *2 (C.D. Cal. Dec. 8, 2009) (Klausner, J.).

      Pleading a breach of contract claim is straightforward under the notice pleading requirements of Federal Rule 8.  In *Professor Brainstorm*, this Court found allegations sufficient where the plaintiff alleged a contract, payment under the contract, "breach[] by failing to provide these items by such date,"

1  and "that Defendant's breach caused Plaintiff to suffer damages in excess of
2  $10,000." *Id.* As recited above, the Complaint contains similar allegations.
3       In addition to an unpublished Ninth Circuit case, TSC cites to three
4  California state cases and two federal district court cases. Other than
5  providing the elements of a breach of contract claim, which are not in dispute,
6  the California cases are of little relevance because California courts do not
7  follow the Federal Rules of Civil Procedure that govern the Motion. The two
8  federal court cases cited by TSC are also inapposite. TSC first quotes *Langan*
9  *v. United Services Automobile Association* for the proposition that a plaintiff
10 must "allege in the complaint the terms of the contract or attach a copy of the
11 contract to the complaint." Motion at 4:26-28 (quoting 69 F.Supp.3d 965,
12 979 (N.D. Cal. 2014)). This is non-controversial, and TSC ignores the next
13 sentence which makes clear that "it is unnecessary for a plaintiff to allege the
14 terms of the alleged contract with precision." *Id.*
15      TSC also cites to *In Glob. Private Funding, Inc. v. Empyrean W., LLC*,
16 claiming the Complaint should be dismissed because it did not attach a copy of
17 the contract. *See* Motion at 5:1-3 (citing 2014 WL 4542398, at *3 (C.D. Cal.
18 Sept. 11, 2014)). Again, this is not required in federal court.[1] *See, e.g.*,
19 *Riese v. Chase Home Fin., LLC*, No. C 11-03297 NJV, 2011 WL 4344590, at
20 *2 (N.D. Cal. Sept. 13, 2011) (rejecting argument that contract must be
21 attached because "[w]hile this may be required in California state courts,
22 federal procedural law governs in this Court, not state law"); *Land O'Lakes,*
23 *Inc. v. Dairyamerica, Inc.*, No. 115CV01937DADMJS, 2017 WL 495644, at
24 *6 (E.D. Cal. Feb. 6, 2017) ("Federal procedural rules do not require a

---

[1] In *In Global Private Funding*, the plaintiff appears to have only argued that it attached the contract to its original complaint. It also appears that the court's real issue with the complaint was that "nowhere does Plaintiff allege how [defendant] purportedly breached its contract with Plaintiff." 2014 WL 4542398, at *3. A complete lack of allegations is, of course, insufficient. Here, as discussed above, there are numerous allegations of TSC's breaches.

THOITS LAW
A PROFESIONAL CORPORATION

plaintiff to attach the contract or recite its terms verbatim in order to allege the contract's existence."); *Eberz v. CitiMortgage, Inc.*, No. 2:12-CV-4746-SVW-MRW, 2012 WL 12897373, at *3 (C.D. Cal. Sept. 12, 2012) ("In this case, even though the Plaintiffs did not attach a copy of the contract to the complaint, the Court concludes that the Plaintiffs have sufficiently pled the elements of a breach of contract claim to meet Rule 8's requirements.").

TSC then proceeds to spend two pages of the Motion attacking isolated portions of the Complaint.[2]  Motion at 5:4-6:24.  It is telling that TSC does not cite a single legal authority over this entire span.  This is likely because many of the arguments advanced by TSC have been rejected by federal district courts and are contrary to the law.

First, TSC argues that the Complaint fails to "specifically identify what clause of which contract" was breached.  Motion at 5:4-12.  TSC cites no support for this position, and courts that have considered the argument have rejected it.  *See, e.g.*, *Land O'Lakes*, 2017 WL 495644, at *7 ("While defendants contend that 'a plaintiff must allege with specificity what provision of the contract the defendant breached,' such specificity is not required under federal pleading standards.").

Next, TSC claims that the Complaint's allegations "leave TSC guessing" about "what specific amount the alleged 'hundreds of thousands of dollars' in cancelled orders means: two hundred thousand, five hundred thousand, nine hundred thousand?"  Motion at 5:13-22.  Once again, and tellingly, there is no citation to support this attack.  Under federal pleading standards, there is no requirement to allege a specific damages figure in the complaint.  For example, general allegations of "lost profits" and "reasonable

---

[2] None of these arguments were advanced during the parties' meet and confer. Instead, TSC argued (based solely on state court case law) that the contract had to be attached to the complaint or set out verbatim.  *See* Dkt. 12-9 at p. 5 of 8.

5

BELLA+CANVAS' OPPOSITION TO TSC APPAREL'S MOTION TO DISMISS COMPLAINT

royalties" are enough to satisfy the requirement to plead "actual and appreciable" damages under California breach of contract law. *See Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 234218, at *5 (N.D. Cal. Jan. 21, 2014). The fact that B+C alleged more details than necessary to state a claim does not make the Complaint deficient.

TSC continues to advance its unsupported argument by claiming that the Complaint did not "provid[e] any details of the payment terms" that TSC did not comply with. Motion at 5:23-6:5. This is incorrect. The Complaint alleges that payments were due within 30, 60, or 90 days. Compl. ¶ 12. The Complaint also alleges that "TSC breached the agreement, including without limitation by failing to pay for millions of dollars in products that were ordered and received by TSC and by failing to make timely payments to B+C for these products." *Id.* ¶ 16. Moreover, the Complaint sets forth the timeline for this non-payment, alleging that, beginning in March 2020, "TSC began to fall significantly behind on its payments to B+C," *id.* ¶ 13, and that as of the filing of the complaint, "TSC owes B+C over four million, three hundred forty-one thousand dollars for products shipped by B+C and received by TSC." *Id.* ¶ 14.

Finally, TSC argues that the Complaint "fails to attach a copy of the Incentive Payments agreement." Motion at 6:16. As set forth above, there is no such requirement in federal court.[3] TSC then feigns confusion about whether a breach of contract has been alleged based on the inclusion of the phrase "including without limitation." Motion at 6:16-17. TSC cites no support for its apparent claim that B+C is only permitted to allege one

---

[3] Indeed, such a requirement would be extremely burdensome, as there are literally thousands of unpaid invoices that are the subject of this lawsuit. It would also be unnecessary, as TSC already has copies of these invoices and knows whether or not it has paid them.

6

BELLA+CANVAS' OPPOSITION TO TSC APPAREL'S MOTION TO DISMISS COMPLAINT

breach. Rule 8 itself recognizes that a plaintiff may plead "relief in the alternative or different types of relief." Fed. R. Civ. P. 8(b)(3).[4]

Notably, nowhere in the Motion does TSC argue that the parties do not have a contract. TSC also does not dispute that it was invoiced for millions of dollars of apparel. And TSC does not dispute that it has failed to pay B+C the millions of dollars that it owes. Read as a whole, and read in the light most favorable to B+C, the Complaint states a claim for breach of contract and the Motion should be denied.

### B. The Complaint States A Claim For Breach of the Covenant of Good Faith and Fair Dealing

During the meet and confer, TSC's only argument against the convent of good faith and fair dealing claim was that it failed for the same reason as the breach of contract claim. Dkt. 12-9, at p. 6 of 8 (meet and confer letter). In the Motion, TSC abandons that position and now claims that a breach of the covenant of good faith and fair dealing must be "distinguishable" from a breach of contract claim. Motion at 7-8. Here, the covenant of good faith and fair dealing claim is distinguishable and the Motion should be denied.

As courts have recognized, a breach of contract and breach of the covenant of good faith and fair dealing "will always be based on the same facts" and "will always seek the same remedy." *Syndicate Films Int'l, LLC v. All. Films, Inc.*, No. CV 09-3873 PA (CTX), 2010 WL 11519582, at *5 (C.D. Cal. Feb. 2, 2010). TSC takes the position that the allegations of breach of the covenant of good faith and fair dealing in paragraph 26 "would establish that TSC breached the agreements." Motion at 7:28-8:1. However, that conclusion does not automatically follow. For example, TSC's attempts

---

[4] TSC also includes two sentences referencing allegations that TSC improperly attempted to return apparel. Motion at 6:6-8. It is not clear what argument, if any, TSC is advancing. What is clear is that B+C alleges that returns would have been in breach of the parties' agreement and that TSC is thus not entitled to return its apparel.

to return, so long as they are only attempts and not actual returns, may only be an attempted breach and not an actual breach of the parties' agreement. Similarly, the receipt of incentive payments standing alone may not be a breach of contract, even if those incentive payments can be sought as damages under both theories. These are examples alleged as a breach of the covenant of good faith and fair dealing (see paragraph 26) that make the claim distinguishable from the breach of contract claim. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990) (a breach of the covenant of good faith "unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party"). Unless and until TSC stipulates that all the actions alleged in paragraph 26 would be a breach of contract, those allegations are enough to allege a breach of the covenant of good faith and fair dealing at the pleading stage.

### C. The Complaint States A Claim For Account Stated

TSC fails to cite a single case applying the liberal pleading standards of Federal Rule 8 to an account stated claim. Instead, TSC relies entirely on state court cases and even then not a single one of those cases addressed a demurrer or motion to dismiss. Thus TSC has no support for the arguments advanced in its Motion, and they should be rejected outright.

At the pleading stage, federal courts regularly deny motions to dismiss account stated claims. *See, e.g., Dreyer's Grand Ice Cream, Inc. v. Ice Cream Distributors of Evansville, LLC*, No. 10-00317 CW, 2010 WL 1957423, at *4–5 (N.D. Cal. May 14, 2010) (finding an implied agreement sufficiently alleged where defendant did not argue it objected to the amount on any invoice); *3W s.a.m. tout bois v. Rocklin Forest Prod., Inc.*, No. 2:10-CV-01070, 2011 WL 489735, at *5 (E.D. Cal. Feb. 7, 2011) (denying motion to dismiss and noting that an account stated claim is alleged where "a creditor

8

BELLA+CANVAS' OPPOSITION TO TSC APPAREL'S MOTION TO DISMISS COMPLAINT

renders a statement of the account with money owed to the debtor and that debtor failed to object to the statement within a reasonable time").

As the Ninth Circuit has explained, under California law "[t]he existence of an account stated need not be express and frequently is implied from the circumstances. For example, where a creditor renders a statement and the debtor fails to object within a reasonable time, the open account may be superseded by an account stated." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1543 (9th Cir. 1988); *see also Dreyer's Grand Ice Cream*, 2010 WL 1957423, at *4–5 ("In the usual situation, it comes about by the creditor rendering a statement of the account to the debtor. If the debtor fails to object to the statement within a reasonable time, the law implies his agreement that the account is correct as rendered.").[5]

Read in the light most favorable to B+C, an implied agreement is alleged in the Complaint. *See, e.g.*, Compl. ¶¶ 30-31 (alleging exchange of invoices and purchase orders and that TSC promised to pay amounts owed to B+C). Notably, TSC does not argue in the Motion that it disputes the amount owed or that it has previously disputed the amount owed. B+C is permitted to bring claims in the alternative, and thus the motion to dismiss should be denied.

## IV. LEAVE TO AMEND

Leave to amend "shall be freely given." *Eminence Capital*, 316 F.3d at 1053. In *Eminence Capital*, the Ninth Circuit reversed a dismissal of a First Amended Complaint without leave to amend where "plaintiffs had a reasonable chance of successfully stating a claim if given another

---

[5] TSC's own case law confirms that an express agreement is not required, and that it is sufficient that a debtor "impliedly promised to pay to the creditor the amount[.]" Motion at 8:16 (citing *Truestone Inc. v. Simi West Industrial Park II*, 163 Cal. App. 3d 715, 725 (1984); *id.* at 9:11 (quoting *Withers v. Matthews*, 192 Cal. App. 2d 139, 141 (1961).

opportunity." *Id.* Here, this is B+C's first complaint. TSC cites no authority for the proposition that leave to amend should not be granted. Thus if the Court decides that one or more of the claims in the Complaint require additional allegations to support them, then B+C should be granted leave to file an amended complaint.

## V. CONCLUSION

For the reasons set forth above, the Motion should be denied. In the alternative, leave to amend should be granted.

Dated: August 10, 2020

**THOITS LAW**

By: */s/ Nathaniel Lipanovich*

**Andrew P. Holland**
**Mark V. Boennighausen**
**Nathaniel H. Lipanovich**
**Attorneys for Plaintiff**
**Bella+Canvas, LLC**