UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05947-RGK-AS | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Bella Canvas, LLC v. TSC Apparel, LLC, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant TSC Apparel's Motion to Dismiss [DE 15]

## I.  INTRODUCTION

On July 1, 2020, Bella Canvas, LLC ("Plaintiff") filed a Complaint against TSC Apparel, LLC ("Defendant") alleging (1) breach of contract; (2) breach of covenant of good faith and fair dealing; and (3) account stated.

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the following reasons, the Court **GRANTS** Defendant's Motion **with leave to amend** as to Plaintiff's first claim. The Court **GRANTS** Defendant's Motion **without leave to amend** as to Plaintiff's second and third claims.

## II.  FACTUAL BACKGROUND

Plaintiff is engaged in the business of design, manufacture, distribution, and sale of apparel products. Defendant is a clothing supplier that sells and re-sells apparel to its customers. Defendant entered into an agreement with Plaintiff to purchase Plaintiff's products. Additionally, the parties entered into several other agreements that provided for certain rebates, discounts, and other incentives if Defendant met certain goals for the year.

In its Complaint, Plaintiff alleges that Defendant breached those agreements by: (1) canceling pending orders without Plaintiff's pre-approval; (2) failing to make timely payments for Plaintiff's products; (3) attempting to return products that Plaintiff did not pre-approve for return; and (4) receiving "Incentive Payments," despite failing to perform its obligations under the agreements. Plaintiff further claims that Defendant breached the covenant of good faith and fair dealing. Finally, Plaintiff is seeking damages under the account stated claim for Defendant's failure to pay $4,341,986.47 owed to Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05947-RGK-AS | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Bella Canvas, LLC v. TSC Apparel, LLC, et al.* | | |

On July 31, 2020, Defendant filed the instant Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6) seeking to dismiss all of Plaintiff's claims.

### III.     JUDICIAL STANDARD

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations but must, at the very least, give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Accordingly, a dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

If the court finds that dismissal is appropriate, it must decide whether to grant leave to amend. While the courts should freely grant leave to amend under Rule 15, courts have discretion to deny leave for futility. *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992). "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted).

### IV.     DISCUSSION

Defendant moves to dismiss all three of Plaintiff's claims under Rule 12(b)(6). The Court agrees and addresses each claim in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05947-RGK-AS | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Bella Canvas, LLC v. TSC Apparel, LLC, et al.* | | |

### A.  Breach of Contract

Under California law, the elements of a breach of contract claim are (1) the existence of a valid contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damage to the plaintiff. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). Because Defendant challenges only the first and last elements, the Court limits its analysis to whether Plaintiff has adequately pled the existence of a valid contract and resulting damages.

#### 1.  *Existence of a Valid Contract*

Defendant contends that Plaintiff fails to plead the first element of the breach of contract claim because the parties have entered into multiple agreements, and Plaintiff does not specify which terms of which agreements Defendant allegedly breached.

To state a claim for a breach of contract, "it is absolutely essential to plead the terms of the contract either [verbatim] or according to legal effect." *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989); *see also Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979–80 (N.D. Cal. 2014) (noting that the plaintiff must allege "the material terms of *a specific contract*" (emphasis added)).

Here, Plaintiff failed to allege specific terms of a specific contract or contracts that Defendant breached. In its Complaint, Plaintiff alleges that the parties had entered into "a contract for purchase and sale of apparel based on purchase orders, invoices, incentive agreement(s), exchanged and agreed to by the parties." (Compl. ¶ 18.) Additionally, Plaintiff alleges that the parties have entered into several other contracts. (Compl. ¶ 11.) Therefore, from the Complaint, it appears that the parties entered into more than one agreement.

Plaintiff further alleges that Defendant breached those agreements by canceling pending orders, failing to make timely payments, attempting returns, and receiving incentive payments. (Compl. ¶¶ 20, 13–16.) While the Court can reasonably infer that Plaintiff bases these breaches on the specific terms in the parties' agreements, the Court cannot deduce which terms of which contracts Defendant allegedly breached.

Although Rule 8(a) only requires a short and plain statement of the claim, plaintiff must, at the very least, give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Here, Plaintiff fails to give Defendant fair notice of the breach of contract claim when it does not identify the specific terms of the specific agreements that Defendant allegedly breached. Therefore, Plaintiff fails to satisfy the first element of the claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05947-RGK-AS | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Bella Canvas, LLC v. TSC Apparel, LLC, et al.* | | |

    2.    <u>*Damages*</u>

Next, Defendant challenges the damages element of the breach of contract claim on the ground that Plaintiff did not specify the amount. Although Plaintiff must allege damages, "certainty as to the amount . . . is not required." *Israel v. Campbell*, 163 Cal. App. 2d 806, 816 (1958).

Here, Plaintiff alleges the following damages as a result of Defendant's breaches: over $4,341,000 for products shipped to and received by the Defendant, "hundreds of thousands" of dollars for the orders that were placed and then cancelled, and "millions of dollars" in products. (Compl. ¶¶ 21, 13, 14, 16.) Although Plaintiff does not provide a specific amount of damages, such specificity is not required. Accordingly, Plaintiff's allegations as to damages are sufficient.

In light of the foregoing, the Court finds that Plaintiff's claim for breach of contract fails to satisfy the first requisite element of the claim. Because there seems to be more than one agreement at issue, the Court cannot discern which material obligations pursuant to which contract Defendant allegedly breached. Nevertheless, the Court finds that appropriate amendments to the Complaint may cure this defect. Accordingly, the Court **GRANTS** Defendant's Motion with respect to this claim **with leave to amend**.

    **B.**    <u>**Breach of Implied Covenant of Good Faith and Fair Dealing**</u>

Defendant argues that Plaintiff fails to state a claim for breach of implied covenant of good faith and fair dealing because the claim does not go beyond a statement of a mere contract breach.

The covenant of good faith and fair dealing is implied in every contract. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349 (2000). To plead a breach of covenant of good faith, a plaintiff must allege that a defendant unfairly interfered with plaintiff's right to receive the benefits under the agreement. *Id.* A breach of contract may also constitute a breach of covenant of good faith. *Id.* at 352. However, when a party's acts are directly actionable as a breach of contract, "a claim that merely realleges that breach as a violation of the covenant is superfluous." *Id.* This is so because the remedy for breach of contract, including the covenant of good faith, is "*solely contractual*," and thus, the breach of good faith theory affords no separate measure of recovery. *Id.* (emphasis in original). Accordingly, a breach of good faith claim must go beyond a statement of a mere contract breach. *Careau*, 222 Cal. App. 3d at 1395. The only exceptions to this rule are: (1) plaintiff does not allege a breach of contract claim or (2) plaintiff is seeking recovery in tort. *Id.*

Here, Plaintiff's allegations in support of its breach of good faith claim do not go beyond the breach of contract claim. As a preliminary matter, Plaintiff fails to identify which contract or contracts are at issue. Moreover, Plaintiff's allegations in support of both claims are essentially identical. For the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05947-RGK-AS | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Bella Canvas, LLC v. TSC Apparel, LLC, et al.* | | |

breach of good faith claim, Plaintiff alleges that Defendant failed to make payments to Plaintiff, sought returns not permitted by the agreement, and received "Incentive Payments despite . . . not complying with its own obligations under the parties' agreement." (Compl. ¶ 26.) Similarly, in support of its breach of contract claim, Plaintiff alleges that Defendant failed to make timely payments, failed to obtain pre-approval for cancellations, sought returns, and received incentive payments. (Compl. ¶¶ 20, 13–16.) Because Plaintiff relies on the same facts to support both claims, the breach of good faith claim is superfluous. Additionally, no exceptions appear to apply, nor does Plaintiff make such an argument. Therefore, this claim warrants dismissal.

In light of the foregoing, the Court finds that Plaintiff fails to state a claim for breach of covenant of good faith and fair dealing. Further, the Court finds no indication in the Complaint that Plaintiff could cure the defect by an amendment, and Plaintiff's bare recital of the elements in the Complaint does not suffice. *See Iqbal*, 556 U.S. at 678. Therefore, the Court **GRANTS** Defendant's Motion with respect to this **claim without leave to amend**.

**C.     Account Stated**

The elements of an account stated claim are: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; [and] (3) a promise by the debtor, express or implied, to pay the amount due." *Leighton v. Forster*, 8 Cal. App. 5th 467, 491 (2017) (quoting *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969)). Because Defendant challenges only the second element, the Court limits its analysis to whether Plaintiff has adequately pled the existence of a separate agreement for Defendant's alleged debt.

An action for an account stated "is not upon the original dealings and transactions of the parties." *Gardner v. Watson,* 170 Cal. 570, 574 (1915). Rather, it is "upon the new contract by and under which the parties have adjusted their differences and reached [a new] agreement." *Id.* Accordingly, a debt that is not predicated on a new contract, but is instead based on a preexisting contract, "cannot be the basis of an account stated." *Moore v. Bartholomae Corp.*, 69 Cal. App. 2d 474, 477 (1945).

Here, Plaintiff appears to utilize an account stated claim to recover on a contract or contracts between the parties. First, the account stated claim incorporates by reference all previous allegations pled in support of the breach of contract and breach of covenant of good faith claims. (Compl. ¶ 28.) Additionally, under the account stated claim, Plaintiff alleges that "by the exchange of invoices, purchase orders, and/or similar documents," the parties agreed that Defendant owed Plaintiff "at least $4,341,986.47." (Compl. ¶ 30.) However, under the breach of contract claim, Plaintiff also alleged that Defendant owed over $4,341,000. (Compl. ¶¶ 21, 16.) Therefore, it appears that Plaintiff simply pleads

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05947-RGK-AS | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Bella Canvas, LLC v. TSC Apparel, LLC, et al.* | | |

account stated as an alternative claim to recover on the parties' existing contracts.[1] Accordingly, the $4,341,986.47 of alleged Defendant's debt cannot form a basis of an account stated, given that the debt is predicated on Defendant's breach of the original contracts for the payment of the original amount.

In light of the foregoing, the Court finds that Plaintiff fails to state a claim for account stated. Further, the Court finds no indication in the Complaint that Plaintiff could cure the defect by an amendment. Because no facts in the Complaint suggest that the parties have entered into a new agreement to resolve the existing dispute, the amendment would be futile. Therefore, the Court **GRANTS** Defendant's Motion with respect to this claim **without leave to amend**.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion **with leave to amend** as to Plaintiff's first claim. The Court **GRANTS** Defendant's Motion **without leave to amend** as to Plaintiff's second and third claims. Any amendment to the Complaint must be filed within **20 days** of this Order's issuance.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre |

---

[1] Plaintiff confirms this assumption when it argues in its Opposition brief that it is "permitted to bring claims in the alternative." (Opp. at 9:18–20, ECF No. 19).