EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
**AKERMAN LLP**
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

JASON S. OLETSKY (Admitted *Pro Hac Vice*)
jason.oletsky@akerman.com
**AKERMAN LLP**
350 East Las Olas Boulevard, Suite 1600
Ft. Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

Attorneys for Defendants
TSC Apparel, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELLA+CANVAS, LLC, | Case No. 2:20-cv-05947-JWH-AS |
| Plaintiffs, | |
| v. | The Hon. John W. Holcomb |
| TSC APPAREL, LLC, an Ohio limited liability company; and DOES 1 through 20, inclusive, | **DEFENDANT TSC APPAREL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Defendants. | [Fed. R. Civ. P. 12(b)(6)] |
| | Date: December 4, 2020<br>Time: 9:00 a.m.<br>Courtroom: 2 |
| | Trial Date: None |

PLEASE TAKE NOTICE that on December 4, 2020, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 2 of the United States District Court, Central District, located at 3470 Twelfth Street, Riverside, CA 92501, Defendant TSC APPAREL, LLC ("TSC") will and hereby does move this Court for an order dismissing the entire First Amended Complaint and each of the claims asserted against it with prejudice, pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6).

This motion is made on the following grounds as more fully set forth in the memorandum of points and authorities:

1. Plaintiff's First Claim for Breach of Contract - Invoices fails to state a claim upon which relief can be granted, where Plaintiff fails to allege the material contractual terms it contends TSC breached or attach a copy of the contract at issue and bases its claim upon conclusory and uncertain allegations.

2. Plaintiff's Second Claim for Breach of Contract – Incentive Agreement fails to state a claim upon which relief can be granted, where Plaintiff bases its claim upon conclusory and uncertain allegations.

This motion is made following a meet and confer with Plaintiff's counsel, as required by Court Central District Local Rule 7-3.

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and records on file with this Court, any matters of which the Court may take judicial notice, and upon such oral or documentary evidence as may be presented at the hearing of this motion.


Dated: October 21, 2020          **AKERMAN LLP**

                                 By: */s/ Evelina Gentry*
                                     Evelina Gentry
                                     Jason S. Oletsky (Admitted *Pro Hac Vice*)
                                     Attorneys for Defendants
                                     TSC Apparel, LLC

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................. 1

II. PLAINTIFF'S ALLEGATIONS ........................................... 2

III. PROCEDURAL BACKGROUND ....................................... 4

IV. LEGAL STANDARD ....................................................... 5

V. ARGUMENT .................................................................... 6

    A. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT – INVOICES FAILS ................................................................ 6

    B. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT – INCENTIVE AGREEMENT FAILS ..................................... 9

VI. LEAVE TO AMEND SHOULD NOT BE GRANTED .......... 13

VII. CONCLUSION ............................................................. 13

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amen v. Merced County Title Co.*,
58 Cal. 2d 528 (1962) ...................................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................5, 6, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................11

*Bustamante v. Intuit, Inc.*,
141 Cal. App. 4th 199 (2006) ......................................................................8

*C9 Ventures v. SCV–West, L.P.*,
202 Cal. App.4th 1483 (2012) .....................................................................8

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (1990) .....................................................................6

*Getlin v. Maryland Cas. Co.*,
196 F.2d 249 (9th Cir. 1952) .......................................................................8

*Gilmore v. Lycoming Fire Ins. Co.*,
55 Cal. 123 (1880) .......................................................................................7

*Glob. Private Funding, Inc. v. Empyrean W., LLC*,
2014 WL 4542398 (C.D. Cal. Sept. 11, 2014) ...........................................7

*India Paint & Lacquer Co. v. United Steel Prod. Corp.*
(1954) 123 Cal. App.2d 597 .......................................................................8

*Iqbal*, 556 U.S. at 678 ......................................................................................6

*J D Factors, LLC v. Reddy Ice Holdings Inc.*,
2016 WL 6996152 (C.D. Cal. June 6, 2016) ..............................................8

*Jackson v. Rhino Entm't Co.*,
2016 WL 11002546 (C.D. Cal. Nov. 10, 2016) ........................................11

*Langan v. United Servs. Auto. Ass'n*,
69 F. Supp. 3d 965 (N.D. Cal. 2014) ..........................................................7

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX (213) 627-6342

*Levy v. State Farm Mut. Auto. Ins. Co.*,
   150 Cal. App. 4th 1 (2007) ...................................................................................11

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988) ...............................................................................13

*Missouri ex rel. Koster v. Harris*,
   847 F.3d 646 (9th Cir. 2017) ...............................................................................13

*Neal v. Quality Loan Service Corp.*,
   301 Fed. Appx. 679 (9th Cir. (Cal.) 2008) ......................................................7, 10

*Park v. Morgan Stanley & Co.*,
   2012 WL 589653 (C.D. Cal. Feb. 22, 2012) .......................................................11

*Pietrobon v. Libarle*,
   137 Cal. App. 4th 992 (2006) .................................................................................9

*Troyk v. Farmers Grp., Inc.*,
   171 Cal. App. 4th 1305 (2009) .............................................................................12

*Twaite v. Allstate Ins. Co.*,
   216 Cal. App. 3d 239 (1989) ..................................................................................7

*U.S. ex rel. Oliver v. Parsons Co.*,
   195 F.3d 457 (9th Cir. 1999) ..................................................................................6

*United States ex rel. Lee v. Corinthian Colls.*,
   655 F.3d 984 (9th Cir. 2011) ..................................................................................6

*Walsch v. West Valley Mission Cmty. College Dist.*,
   66 Cal. App. 4th 1532 (1998) .................................................................................6

*Woods v. U.S. Bank N.A.*,
   831 F.3d 1159 (9th Cir. 2016) .............................................................................5, 6

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) ..................................................................................6

**Statutes**

Cal. Civ. Code § 1550 ................................................................................6, 9, 12

Cal. Civ. Code § 1565 ..............................................................................................8

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Cal. Civ. Code § 1580 ...................................................................8

Cal. Civ. Code § 1639 ...................................................................12

Cal. Civ. Code § 1698 ...................................................................12

Cal. Civ. Code § 3300 ...................................................................12

Cal. Code Civ. Pro. § 337 ...............................................................9

Cal. Code Civ. Pro. § 339 ...............................................................9

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................5

Fed. R. Civ. Proc., R. 8 ................................................................11

**Other Authorities**

CACI No. 303 ..........................................................................6, 12

CASE NO. 2:20-cv-05947-JWH-AS

**TSC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

55028206;3

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The First Amended Complaint (the "FAC") filed by Bella + Canvas, LLC ("Plaintiff") <u>does not</u> cure the deficiencies of Plaintiff's original complaint. Instead, it only further underscores that Plaintiff <u>cannot</u> state a claim against Defendant TSC Apparel, LLC ("TSC," together with Plaintiff, the "Parties").  Indeed, the FAC is an exercise in conclusory – and now confusing – allegations. It alleges two breach of contract claims purportedly arising from multiple unstated contracts between the Parties for purchase of apparel. However, as discussed below, each of Plaintiff's claims fails as a matter of law and should be dismissed without leave to amend.

First, Plaintiff's Breach of Contract - Invoices claim fails because Plaintiff does not allege material contractual terms it contends TSC breached  nor does it attach a copy of the underlying contract. Further, it is not clear whether Plaintiff's claim is based on a single or multiple contracts, where Plaintiff avers that the purported contract is based on thousands of unsigned invoices. However, under California law, unsigned invoices are not contracts. Plaintiff's vague allegations based solely on the invoices fail to put TSC on notice of the contract, or contracts, at issue. Also, Plaintiff's allegations of the purported breach are conclusory and unsupported by any facts. Furthermore, the uncertain allegations of the FAC raise (for the first time) significant statute of limitations issues with respect to the alleged contract/contracts.

Second, Plaintiff's claim for Breach of Contract – Incentive Agreement rests on conclusory and uncertain allegations that seem to indicate that both the first and second claims for relief are one and the same. Additionally, Plaintiff's second claim relies solely on threadbare allegations of the purported breach, which fail to provide TSC with the requisite notice of the asserted claims and their grounds. Plaintiff's confusing allegations of harm resulting from the incentive and rebates are similarly unsupported and do not meet the plausibility standard. Lastly, Plaintiff's bare allegations of the unsigned modification of the underlying Incentive Agreement are unsupported by any facts and,

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

thus, fail to plead that a modified contract existed between the Parties.

Plaintiff's FAC clearly demonstrates that Plaintiff cannot state a claim against TSC. Accordingly, TSC respectfully requests that the Court grant its Motion to Dismiss and that the FAC and each claim therein be dismissed with prejudice.

## II. PLAINTIFF'S ALLEGATIONS

According to the FAC, Plaintiff "is in business of design, manufacture, distribution and sale of apparel products" and "TSC is a major purchaser of apparel from [Plaintiff]." (FAC, ¶¶ 7, 9). Just like in the original complaint, the FAC is unclear whether Plaintiff alleges a claim for breach of a single contract or multiple contracts under each of its claims. (*Id*., at ¶¶ 7, 12). Indeed, Plaintiff's allegations with respect to both claims indicate that several agreements were at issue. (*See, e.g*., Claim one: "TSC breached agreements," the parties had discussions about "agreements;" Claim two: the 2019 Incentive Agreement "was further memorialized in an agreement for 2020"). (*Id*., ¶¶ 7, 12, 14, 21).

Nonetheless, Plaintiff's first claim for "Breach of Contract – Invoices" refers only to a single contract. Specifically, Plaintiff claims that the Parties "have *a contract* for the purchase and sale of apparel *based on invoices* submitted by [Plaintiff] to TSC for orders placed by TSC." (*Id*., ¶ 14) (Emphasis added). The FAC does not allege any specific terms of the purported contract or attach a copy of it. Instead, it simply avers that "[e]ach invoice identifies the apparel ordered by TSC and the price." (*Id*.) Plaintiff alleges that "[u]nder the terms of these invoices, the payment terms are either Net 30, Net 60, or Net 90, *as set forth on each invoice*" but "the vast majority of the unpaid invoices at issue have Net 60 payment terms." (*Id*., ¶ 15) (Emphasis added). Plaintiff claims that "[t]here are over 4,000 invoices that TSC has not paid." (*Id*., at 16). However, Plaintiff does not attach a single past-due invoice. Instead, *for the first time*, Plaintiff claims that "[t]he unpaid invoices are dated between May 11, 2017 and May 20, 2020." (*Id*.). Plaintiff concludes that "[t]he total amount due on these invoices is over four million dollars." (*Id*.) Plaintiff does not allege whether the invoices are incorporated in the purported

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

contract.

Plaintiff claims that "TSC breached the parties' *agreement* as set forth in the proceeding allegations, including without limitation by not paying millions of dollars within the time period set forth on [Plaintiff's] *invoices* and by TSC never paying for millions of dollars in apparel that TSC received." (*Id*., at 18) (Emphasis added). However, the "proceeding allegations" <u>do not</u> set forth any terms of the alleged "agreement" or how that agreement was breached. Instead, the proceeding allegations only reference invoices without even alleging whether TSC has ever assented to them.

Plaintiff's second claim for Breach of Contract – Incentive Agreement is similarly confusing and uncertain. Plaintiff alleges that "[it] and TSC had an agreement governing incentives and rebates, which was memorialized in writing in a 2019 Incentive Agreement that was signed in June 2019….and further memorialized in an agreement for 2020 that was negotiated between the parties *but never signed*." (*Id*., at 21) (Emphasis added). Plaintiff does not make any allegations of the terms of the 2020 Incentive Agreement or whether TSC has ever assented to it. Likewise, Plaintiff fails to plead any facts supporting the negotiated modification.

Plaintiff alleges that pursuant to the 2019 Incentive Agreement, "TSC was able to earn performance incentives based on its sales volumes as compared to sales volumes from prior time periods," and that "TSC was advanced over $1 million in performance incentives under this agreement *based on its sales performance*." (*Id*., at ¶ 22) (Emphasis added). Plaintiff also alleges that "TSC could earn CRC rebates based on the number of units sold by TSC that are eligible for the rebates … when [it] participates in a CRC promotion and complies with all CRC promotion requirements" and that "TSC has received over $1 million in CRC rebates since the start of the 2019 Incentive Agreement." (*Id*., at ¶ 23). Thus, based on Plaintiff's allegations, TSC received certain rebates and incentives based on its performance, prior sales, and compliance with promotion requirements. Without *a single allegation* that TSC failed to comply with the rebates and incentives requirements or that TSC was required to return the rebates and incentives,

1  Plaintiff haphazardly concludes that it has been harmed by "the millions of dollars in
2  incentives and CRC rebates that were advanced to TSC." (*Id*., at ¶ 30).

3  Plaintiff also claims that "the parties agreed to certain required Payment Terms
4  under which TSC must pay for *products ordered* from [Plaintiff] within a set time
5  period." (*Id*., ¶ 24) (Emphasis added). Specifically, the FAC avers that "payments terms
6  are Net 60, meaning that invoices must be paid within 60 days." (*Id*.) The FAC does not
7  allege whether TSC ever ordered any product from Plaintiff pursuant to the Incentive
8  Agreement or when those orders were placed. Instead, Plaintiff simply concludes that
9  "TSC breached the parties' agreement as set forth in the proceeding allegations, including
10 without limitation by not paying millions of dollars owed within the Net 60 payment
11 terms (or at any time)." (*Id*., 28) (Emphasis added). However, nothing is explained in the
12 "proceeding allegations." Plaintiff muddies things even further where it alleges that "TSC
13 still owes millions of dollars to [Plaintiff] for *these unpaid and past due invoices*."
14 (*Id*., ¶ 28.) (Emphasis added). However, Plaintiff's breach of Incentive Agreement claim
15 does not allege any past due invoices.

16 Plaintiff's cancellation allegations under its Breach of Contract – Incentive
17 Agreement claim are similarly bare. The FAC alleges that pursuant to the 2019 Incentive
18 Agreement, "the parties also agreed to limit TSC's ability to cancel orders or make returns
19 without [Plaintiff's]." (FAC, ¶ 25). Without providing any further detail, Plaintiff
20 conclusory avers that "TSC also breached the parties' agreement by cancelling orders
21 without [its] pre-approval." (*Id*., ¶ 29). Again, there are no details of the alleged
22 cancellations or any specifics about the allegedly violated agreement.

23 Plaintiff's confusing, threadbare allegations make it clear that it cannot state a
24 viable claim for relief against TSC.

25 ## III.  PROCEDURAL BACKGROUND

26 Plaintiff filed its original complaint on July 1, 2020, asserting three claims against
27 TSC for (1) breach of contract; (2) breach of covenant of good faith and fair dealing; and
28 (3) account stated. (Dkt. No. 1). On July 31, 2020, TSC filed a Motion to Dismiss

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Complaint on the grounds that Plaintiff's complaint failed to state a claim against TSC.

2    (Dkt. No. 15). On September 17, 2020, the Honorable R. Gary Klausner issued an Order

3    Re: Defendant TSC Apparel's Motion to Dismiss ("Order"). (Dkt. No. 26). The Court

4    dismissed Plaintiff's claim for breach of contract with leave to amend, and dismissed

5    Plaintiff's second and third claims with prejudice. (*Id.*)

6          With respect to Plaintiff's breach of contract claim, the Court explained that

7    "Plaintiff failed to allege specific terms of a specific contract or contracts that

8    Defendant breached" and that "it appears that the parties entered into more than one

9    agreement." (Order, at p. 3). The Court concluded that Plaintiff "fails to give [TSC]

10   fair notice of the breach of contract claim when it does not identify the specific terms

11   of the specific agreements that Defendant allegedly breached." (*Id.*) The Court

12   further noted that "there seems to be more than one agreement at issue [and] the Court

13   cannot discern which material obligations pursuant to which contract [TSC] allegedly

14   breached." (*Id.*, p. 4).

15         Plaintiff's FAC not only fails to cure the deficiencies of the original complaint, it

16   wholly fails to adequately plead the existence of a valid contract between the Parties,

17   TSC's purported breach, and resulting damages. The FAC's conclusory and implausible

18   allegations only further underscore Plaintiff's inability to state a valid claim against TSC.

19   Accordingly, the Court should dismiss the FAC with prejudice for failure to state a claim.

20   **IV.    LEGAL STANDARD**

21         The Court should dismiss Plaintiff's claims for breach of contract for failing to

22   state a claim under Fed. R. Civ. P. 12(b)(6).

23         Rule 12(b)(6) allows a defendant to challenge a complaint for failing to set forth a

24   cognizable legal theory or for failing to allege sufficient facts to support a cognizable

25   legal theory. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). Although a

26   complaint need not include "detailed factual allegations," it must offer "more than an

27   unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

28   U.S. 662, 678 (2009). Conclusory allegations or allegations that are no more than a

**TSC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
55028206;3

statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id.* at 678 (citations and internal quotation marks omitted).

Where, as here, a claim does not contain factual matter sufficient "to state a claim to relief that is plausible on its face," the claim must be dismissed. *Id.* at 697. (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678); *see also Woods*, 831 F.3d at 1162.

Also, where, as here, "the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, "[t]he district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009) (affirming dismissal with prejudice) (internal citations omitted).

## V.   ARGUMENT

### A.   PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT – INVOICES FAILS

In order to prevail on a breach of contract claim, a plaintiff must show the existence of a contract. *See Walsch v. West Valley Mission Cmty. College Dist.*, 66 Cal. App. 4th 1532, 1545 (1998); CACI No. 303. Under California law, the elements of a breach of a contract claim are (1) the existence of a valid contract; (2) plaintiffs performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damage to the plaintiff. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1388 (1990); *see also U.S. ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999) (quoting Cal. Civ. Code § 1550). To plead a viable breach of contract claim in a district court, a party must allege specific facts supporting the necessary elements of breach of

contract claim under California law. *Neal v. Quality Loan Service Corp.,* 301 Fed. Appx. 679, 680 (9th Cir. (Cal.) 2008). To state a cause of action for breach of contract, "it is *absolutely essential* to plead the terms of the contract either *in haec verba* or according to legal effect." *See Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989) (emphasis added).

The California Supreme Court long ago established that "[w]here a party relies upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth [*in haec verba*], nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." *Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal. 123, 124 (1880). "A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint." *Langan v. United Servs. Auto. Ass'n*, 69 F.Supp.3d 965, 979-980 (N.D. Cal. 2014), citing *Twaite* at 252; *see also Glob. Private Funding, Inc. v. Empyrean W., LLC*, 2014 WL 4542398, at \*3 (C.D. Cal. Sept. 11, 2014) (Plaintiff's breach of contract claim dismissed for failure to attach of the contract allegedly breached).

Plaintiff's claim for Breach of Contract – Invoices fails to allege *any* essential terms of a specific contract or contracts that TSC purportedly breached. Indeed, it is not even apparent whether there was a single contract or multiple contracts between the Parties. Specifically, Plaintiff avers that "[it] and TSC have a contract for the purchase and sale of apparel *based on invoices* submitted by [Plaintiff] to TSC for orders placed by TSC." (*Id.*, at 14) (Emphasis added). Plaintiff does not attach the alleged contract nor does it plead its terms. Rather, the FAC suggests that multiple contracts are at issue, alleging that "[the] contract is based on invoices." (*Id.*) Further, instead of alleging the terms of the purported contract, the FAC only alleges the terms of the invoices. (*See, e.g.*, FAC, ¶¶ 14, 15). However, it is well-settled under California law that invoices **are not** contracts. *See, e.g.*, *C9 Ventures v. SCV–West, L.P.*, 202 Cal. App. 4th 1483, 1501 (2012) ("Unsigned invoices, however, cannot on their own create a contract or add terms to a

AKERMAN LLP
600 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

contract. 'The prevailing rule is that an invoice, standing alone, is not a contract [citations]; and a buyer is ordinarily not bound by statements thereon which are not a part of the original agreement.'") citing to *India Paint & Lacquer Co. v. United Steel Prod. Corp.*123 Cal. App. 2d 597, 607 (1954).[1] The FAC also does not allege whether the invoices were incorporated into the purported contract(s).

Additionally, Plaintiff fails to allege the parties' mutual assent to the purported invoices and, therefore, it fails to satisfy the basic contract formation requirements. Contract formation requires mutual consent, which cannot exist unless the parties 'agree upon the same thing in the same sense.'" *Bustamante v. Intuit, Inc.,* 141 Cal. App. 4th 199, 208 (2006) (quoting Cal. Civ. Code § 1580). The FAC does not allege whether TSC accepted the terms of alleged invoices by signing them. *See, e.g., See, Civil Code §§ 1550, 1565,1639.*

*J D Factors, LLC v. Reddy Ice Holdings Inc.,* 2016 WL 6996152, at *2 (C.D. Cal. June 6, 2016) is instructive. There, like here, "virtually all of the terms of the alleged contract [were] drawn from the invoices … [the complaint did] not even indicate how many contracts are at issue or whether those alleged contracts were written or oral, … [and] [t]he specifics of the alleged contracts, however, including the nature of the services provided, the payment period, and the amount to be paid, are all drawn solely from invoices." *Id.* Accordingly, the court in *J D Factors* dismissed the plaintiff's claim for breach of contract based on invoices, and held that "[t]hese vague allegations are insufficient to put Defendants on notice of the contract, or contracts, at issue, or the essential terms and legal effect of any such agreements." *Id.* The same is true here. Plaintiff's allegations do not adequately plead formation of a contract. Nothing in the FAC indicates that TSC *agreed* to terms of the invoices or agreed that the invoices were incorporated into any contract between the parties. However, even if Plaintiff pleaded

---

[1] Because this is a diversity action, a federal court is bound to follow the law of the state in which it is sitting. *See, e.g., Getlin v. Maryland Cas. Co.,* 196 F.2d 249, 250 (9th Cir. 1952).

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 2:20-cv-05947-JWH-AS

55028206;3

those facts – it did not – Plaintiff fails to allege a single term of the underlying contract. Accordingly, Plaintiff's claim for breach of contract based on invoices fails.

Additionally, Plaintiff's conclusory allegations of breach are not supported by any facts and, thus, fail to give TSC fair notice of Plaintiff's claim and the grounds upon which it rests. *See, e.g.*, *Levy v. State Farm Mut. Auto. Ins. Co.*, 150 Cal. App. 4th 1, 5 (2007) ("[F]acts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity.").

The FAC also now raises significant statute of limitations issues, where it alleges that some of the purported "unpaid invoices are dated between May 11, 2017 and May 20, 2020." (FAC, ¶ 16). The four year limitations period applies to contracts "founded upon an instrument in writing...." Cal. Code Civ. Pro. § 337. However, for a contract to be "founded on a writing," the writing must contain the relevant terms of the agreement and the defendant must have "accepted" the writing. *See Amen v. Merced County Title Co.,* 58 Cal. 2d 528, 532 (1962); *Pietrobon v. Libarle,* 137 Cal. App. 4th 992, 997 (2006). For oral contracts (which, based on the FAC's allegations, these purported contracts appear to be), the statute of limitations is two years. Cal. Code Civ. Pro. § 339. As set forth above, the FAC is devoid of allegations of TSC's acceptance of the purported contract/contracts. Thus, to the extent the purported contracts are oral, the two-year statute of limitations applies, and bars all the purported contracts entered into prior to 2018.

Therefore, Plaintiff's Breach of Contract – Invoices claim, as pleaded, is again subject to a motion to dismiss. Further, Plaintiff's uncertain allegations with respect to the statute of limitations make it impossible for TSC to formulate an appropriate defense to Plaintiff's Breach of Contract - Invoices claim.

## B.    PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT – INCENTIVE AGREEMENT FAILS

Plaintiff's second claim for Breach of Contract – Incentive Agreement is also deficient, where it is premised on conclusory and implausible allegations. Plaintiff's

claim appears to rest on three different grounds: (1) failure to pay, (2) cancellation of orders, and (3) incentive agreements. Each of these grounds is deficient and leaves TSC guessing what actually is alleged against it and why. Indeed, once all these conclusory allegations are discounted, there is nothing left to support Plaintiff's Breach of Contract – Incentive Agreement claim against TSC.

Specifically, Plaintiff's alleges that pursuant to the 2019 Incentive Agreement, the parties agreed to certain payment terms under which "TSC must pay for *products ordered* from [Plaintiff]" (*Id.*, ¶ 24) (Emphasis added). Without a single allegation that TSC actually ordered any product from Plaintiff pursuant to the 2019 Incentive Agreement and when those purported orders were placed, Plaintiff concludes that "TSC breached the parties' agreement as set forth in the proceeding allegations, including without limitation by not paying millions of dollars owed within the Net 60 payment terms (or at any time)." (*Id.*, ¶ 28). However, the "proceeding allegations" do not allege **any specific facts** of TSC's purported breach arising from the payment terms.

Plaintiff further concludes that "[a]s of the date of this [FAC], TSC still owes millions of dollars to [Plaintiff] for these unpaid and past due invoices, despite having been advanced incentive payments and CRC rebates based (at least in part) on these unpaid orders." (*Id.*, ¶ 28). These conclusory allegations likewise are not supported by any facts. Indeed, this is the **first time** Plaintiff mentions any "unpaid invoices" with respect to a 2019 Incentive Agreement and the CRC rebates on "these unpaid orders." Plaintiff does not support these bare allegations with any facts and simply leaves TSC and this Court guessing as to what is being alleged against it, which is improper. *See, e.g., Neal*, 301 F. App'x at 680 (affirming district court's dismissal of a breach of contract claim because plaintiff failed to allege specific facts supporting the necessary elements of a breach of contract claim.) Further, Plaintiff's conclusory and uncertain allegations of unpaid invoices mimic the same allegations under its Breach of Contract - Invoices claim and suggest that these two claims are one and the same.

Plaintiff's allegations of the purportedly cancelled orders are similarly bare.

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TSC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
55028206;3

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   The FAC alleges that pursuant to the 2019 Incentive Agreement, TSC was required to

2   obtain Plaintiff's pre-approval prior to cancelling any orders. (FAC, ¶ 25). Without

3   alleging any details of the purportedly cancelled orders, Plaintiff avers that "TSC

4   breached the parties' agreement by cancelling orders without [Plaintiff's] pre-approval."

5   (*Id.*, ¶ 29). Plaintiff further concludes that TSC harmed Plaintiffs "by hundreds of

6   thousands of dollars in cancelled orders that were cancelled in breach of the parties'

7   agreement." (*Id.*, ¶¶ 29, 30). Plaintiff's conclusory allegations are unsupported by any

8   facts, let alone sufficient facts, to provide TSC with "fair notice of what the claim is and

9   the grounds upon it rests." *See* Fed. R. Civ. Proc., R. 8.

10       Indeed, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-

11  harmed-me accusation." *Iqbal*, 556 U.S. at 678. Just as in *Twombly*, Plaintiff's assertions

12  fail to supply any additional underlying facts to show TSC's breach of contract. *Bell Atl.*

13  *Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Plaintiff's bare allegations "amount to

14  nothing more than a formulaic recitation of the elements" of a breach of contract claim.

15  *See Iqbal*, 556 U.S. at 681. Additionally, "facts alleging a breach, like all essential

16  elements of a breach of contract cause of action, must be pleaded with specificity," *Levy*,

17  150 Cal. App. 4th at 5; *Park v. Morgan Stanley & Co.*, 2012 WL 589653, at *3 (C.D.

18  Cal. Feb. 22, 2012) (plaintiff's conclusory allegations of breach fail to give defendants

19  fair notice of Plaintiff's claim and the grounds upon which it rests); *Jackson v. Rhino*

20  *Entm't Co.*, 2016 WL 11002546, at *5 (C.D. Cal. Nov. 10, 2016) (conclusory allegations

21  that defendants have breached the agreement by failing to pay royalties without any facts

22  regarding specific breaches were not enough to state a viable breach of contract claim).

23  Here, Plaintiff fails to allege any specific facts to support its claim for Breach of Contract

24  – Incentive Agreement.

25       Plaintiff also sets forth unclear allegations based on rebates and incentives.

26  Plaintiff alleges that TSC received "performance incentives … based on its sales

27  performance," and "rebates … based on the number of units sold by TSC that are eligible

28  for the rebates … when [it] participates in a CRC promotion and complies with all CRC

**TSC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
55028206;3

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   promotion requirements." (FAC, ¶¶ 22-23). Without a single allegation that TSC failed

2   to comply with the rebates and incentives requirements or that it was required to return

3   the alleged rebates and incentives, Plaintiff concludes that it has been harmed by "the

4   millions of dollars in incentives and CRC rebates that were advanced to TSC." (*Id.*, at

5   ¶ 30). Plaintiff's conclusory rebates and incentives allegations make it impossible for

6   TSC and this Court to determine what is alleged against TSC and why. Additionally,

7   Plaintiff does not allege absolutely any causal connection between TSC's purported

8   (undefined) wrongful conduct and the alleged millions of dollars in incentive and rebates

9   damages purportedly suffered by Plaintiff. However, causation resulting in damage is an

10  essential element of a claim for breach of contract. *See, e.g.*, *Troyk v. Farmers Grp., Inc.,*

11  *171 Cal. App. 4th 1305, 1352 (2009)* ("Implicit in the element of damage is that the

12  defendant's breach *caused* the plaintiff's damage"); *see also* Cal. Civ. Code § 3300;

13  CACI 303. Accordingly, Plaintiff's claim based on the incentives and rebates fails.

14         To further compound Plaintiff's failure to adequately plead this claim, Plaintiff

15  admits the terms of the 2019 Incentive Agreement were changed "in an agreement for

16  2020 that was negotiated by the parties *but never signed*." (FAC, ¶ 21) (Emphasis added).

17  The FAC does not allege whether the 2020 Incentive Agreement was accepted in any

18  way. The existence of an actual agreed-upon contract is, of course, essential to a cause of

19  action for breach of that contract. Unless the parties have consented; no contract exists.

20  *See, e.g.*, Cal. Civ. Code § 1550. Thus, to the extent Plaintiff's claims are based on the

21  purportedly negotiated – but never signed – 2020 Incentive Agreement, they fail. Further,

22  under California law, a written contract can only be modified by (a) a writing, (b) an oral

23  agreement that is fully performed, or (c) an oral agreement supported by new

24  consideration. Cal. Civ. Code § 1698. Thus, without alleging one of these facts supporting

25  the negotiated modification, Plaintiff fails to plead that a modified contract existed

26  between the Parties

27         In short, Plaintiff's FAC fails to cure any of the deficiencies of the original

28  complaint and fails to allege any details of the TSC's purported breaches of the Incentive

**TSC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

55028206;3

Agreement. If anything, the deficient FAC is further confusing to TSC (as it should be to this Court). Plaintiffs' bare and conclusory allegations are inadequate to plausibly state a claim for which relief should be granted.

## VI. LEAVE TO AMEND SHOULD NOT BE GRANTED

"An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris,* 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted). Among the factors that justify denial of leave to amend is a repeated failure to cure deficiencies by previous amendments. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809-810 (9th Cir. 1988).

Here, Plaintiff has now had two bites at the apple and still cannot allege a plausible claim for relief against TSC. In the Order, the Court specifically noted the very pleading deficiencies that are now subject to this Motion. Plaintiff's repeated failures to cure those deficiencies and allege specific facts supporting its alleged breach of contract claims lend credence to the conclusion that no such facts exist and that further amendment would be futile. Therefore, dismissal without leave to amend is appropriate.

## VII. CONCLUSION

For the reasons stated above, TSC respectfully requests that the Court grant its Motion to Dismiss the FAC, and that the FAC and each claim therein be dismissed with prejudice.

Respectfully submitted,

DATED:  October 21, 2020          AKERMAN LLP


By*: /s/ Evelina Gentry*
          Evelina Gentry
          Jason S. Oletsky (Admitted *Pro Hac Vice*)
          Attorneys for Defendants
          TSC Apparel, LLC

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX (213) 627-6342