EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
**AKERMAN LLP**
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

JASON S. OLETSKY (Admitted *Pro Hac Vice*)
jason.oletsky@akerman.com
**AKERMAN LLP**
350 East Las Olas Boulevard, Suite 1600
Ft. Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

Attorneys for Defendants
TSC Apparel, LLC

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELLA+CANVAS, LLC,<br><br>             Plaintiffs,<br><br>v.<br><br>TSC APPAREL, LLC, an Ohio limited liability company; and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No. 2:20-cv-05947-JWH-AS<br><br>The Hon. John W. Holcomb<br><br>**DEFENDANT TSC APPAREL LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:      December 4, 2020<br>Time:      9:00 a.m.<br>Courtroom:    2<br><br>Trial Date: None |

1    Defendant TSC APPAREL, LLC ("TSC") hereby replies to Plaintiff's Opposition

2    to Motion to Dismiss First Amended Complaint.

3

4                                    Respectfully submitted,

5    DATED:  November 20, 2020        AKERMAN LLP

6

7

8                                    By: _/s/ Evelina Gentry_____

9                                        Evelina Gentry
                                         Jason S. Oletsky (Admitted *Pro Hac Vice*)
10                                       Attorneys for Defendants
                                         TSC Apparel, LLC

11

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.      INTRODUCTION ................................................................................ 1

II.     ARGUMENT ......................................................................................... 3

        A.     PLAINTIFF'S BREACH OF CONTRACT-INVOICES CLAIM
               SHOULD BE DISMISSED .................................................. 3

        B.     PLAINTIFF'S BREACH OF CONTRACT-INCENTIVE
               AGREEMENT CLAIM SHOULD BE DISMISSED ............... 9

        C.     LEAVE TO AMEND .................................................................. 12

III.    CONCLUSION .................................................................................. 12

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) ........................................................................7, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................*passim*

*Bell Atlantic Corporation v. Twombly*,
550 U.S. 544 (2007)..................................................................................*passim*

*C9 Ventures v. SCV–West, L.P.*,
202 Cal. App. 4th 1483 (2012) ..........................................................................2

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (1990) ...........................................................................3

*Fabbrini v. City of Dunsmuir*,
544 F. Supp. 2d 1044 (E.D. Cal. 2008) .............................................................6

*J D Factors, LLC v. Reddy Ice Holdings Inc.*,
2016 WL 6996152 (C.D. Cal. June 6, 2016)..............................................5, 6, 7

*Jablon v. Dean Witter & Co.*,
614 F.2d 677 (9th Cir. 1980) .............................................................................9

*Langan v. United Servs. Auto. Ass'n*,
69 F. Supp. 3d 965 (N.D. Cal. 2014)..................................................................3

*Lumens Co. v. GoEco LED, LLC*,
807 F. App'x 612 (9th Cir. 2020) ......................................................................7

*McHenry v. Renne*,
84 F.3d 1172 (9th Cir. 1996) ...........................................................................10

*Schneider v. Cal. Dep't of Corr.*,
151 F.3d 1194 (9th Cir. 1998) ...........................................................................6

*Twaite v. Allstate Ins. Co.*,
216 Cal App. 3d 239 (1989) .....................................................................3, 5, 8

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Yujin Robot Co. v. Synet Elecs. Inc.*,
   2015 WL 12762254 (C.D. Cal. Dec. 22, 2015).......................................................7

**Rules**

Fed. R. Civ. Proc. 7 and 12(b)(6) ...............................................................................6, 7

Fed. R. Civ. Proc. 8(a)(2) ..............................................................................................8

Fed. R. Civ. Proc. 15 .....................................................................................................1

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.   INTRODUCTION

It is likely a rare occasion when the Court receives a motion to dismiss a complaint for a breach of contract, let alone a second request for dismissal after the initial complaint has been dismissed.  Here, however, even the dismissal of portions the initial complaint *with* prejudice did not alert Plaintiff to the need to plead its claims properly in the manner required by the Federal Rules.  Consequently, TSC is forced to seek dismissal again.  TSC recognizes that some of its arguments may appear hyper-technical; they are not.  Due to the nature of how the parties' long-standing relationship worked in practice, with interrelated product orders, incentives, rebates, and payments, Plaintiff's breach of contract claims must especially be pleaded with the exactness demanded by *Twombly* and *Iqbal*[1] to enable TSC to, first, understand what exactly has been alleged against it, and, second, to allow it to defend against Plaintiff's claims.  The accounting of the various orders, incentives, rebates, and payments involved in the relationship does not lend itself at all to Plaintiff's casual manner of pleading, and the Federal Rules require more.  Therefore, TSC must, once again, move to dismiss what should have been properly plead the first go round.

Plaintiff's Opposition to the Motion to Dismiss First Amended Complaint ("Opposition") fails to redress the legal deficiencies of the First Amended Complaint. ("FAC").  Instead, it mischaracterizes the allegations of the FAC, inserts a host of new allegations, and misapplies federal pleading standards crucial for TSC to properly evaluate the merit of the claims brought against it.[2]  In sum, Plaintiff's Opposition leaves

---

[1] *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

[2] Plaintiff's Opposition also asserts that the deficiencies of the FAC were "resolved" during the pre-filing meet and confer.  (Opp., 2:5-8,11:5-12:9,14:16-20).  To that effect, Plaintiff's counsel relies on one-sided representations of purported statements made by the TSC counsel during the meet and confer process.  Without discussing the substance or veracity of Plaintiff's counsel's "he said/ she said" assertions, it is well-settled that a meet and confer process is not a proper vehicle to amend a complaint.  *See* Fed. R. Civ.

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   no doubt that Plaintiff's two breach of contract claims should be dismissed again for

2   failure to state a valid claim for relief.

3       The FAC asserts two claims, Breach of Contract-Invoices and Breach of Contract-

4   Incentive Agreement, each of which is fatally flawed.  Plaintiff's Breach of Contract-

5   Invoices allegations do not allege the existence and terms of the contract or contracts; the

6   FAC does not even state how many contracts are at issue.  Instead, the entire claim is

7   premised on thousands of unsigned invoices.  However, as Plaintiff readily admits, an

8   invoice, standing alone, is not a contract, nor can it establish a contract.  *See, e.g.*  *C9*

9   *Ventures v. SCV–West, L.P.*, 202 Cal. App. 4th 1483, 1501 (2012).  To escape this fatal

10  deficiency, the Opposition recasts the allegations of the FAC, adds – for the first time –

11  that the each invoice was preceded by TSC's written purchase order, and asserts that the

12  invoices simply constituted an acceptance of the underlying orders.  Plaintiff's blatant

13  recharacterization of its own allegations only further establishes that Plaintiff cannot state

14  any legally cognizable claims against TSC.

15      Plaintiff's claim for Breach of Contract-Incentive Agreement is even more

16  problematic.  It rests on conclusory and uncertain allegations that seem to indicate that

17  both the first and second claims for relief are one and the same, relies solely on threadbare

18  allegations of the purported breach, and advances confusing and contradicting allegations

19  of harm resulting from alleged incentives and rebates.

20      The Opposition – and the FAC – fails to cure any of the fatal deficiencies pointed

21  out by the Court when dismissing the initial Complaint, and, in fact, obfuscates the issues

22  even further.  As clearly articulated in TSC's Motion to Dismiss First Amended

23  Complaint ("Motion"), even accepting as true the meager facts asserted in the FAC, there

24  simply are not sufficient facts pled to state the claims alleged.  Plaintiff's allegations are

25  devoid of facts and are precisely the type of conclusory allegations condemned by

26

27  Proc. 15.  Thus, any claims that the FAC's deficiencies were resolved and the FAC was

28  effectively amended during the meet and confer process lack merit.

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TSC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FAC**

1  *Twombly* and *Iqbal*.  Plaintiff's recharacterization of its conclusory allegations in its

2  Opposition does not change their nature.

3      Accordingly, TSC respectfully requests that the Court grant its Motion and that the

4  FAC and each claim therein be dismissed.

5  **II.**  **ARGUMENT**

6      **A.**  **PLAINTIFF'S BREACH OF CONTRACT-INVOICES CLAIM**

7        **SHOULD BE DISMISSED**

8      Under California law, the elements of a breach of contract claim are (1) the

9  existence of a valid contract; (2) plaintiff's performance or excuse for nonperformance;

10  (3) defendant's breach; and (4) resulting damage to the plaintiff.  *Careau & Co. v. Sec.*

11  *Pac. Bus. Credit, Inc*., 222 Cal. App. 3d 1371, 1388 (1990).  To state a claim for a breach

12  of contract, "it is absolutely essential to *plead the terms of the contrac*t either verbatim

13  or according to legal effect."  *Twaite v. Allstate Ins. Co*., 216 Cal App. 3d 239, 252 (1989)

14  (emphasis added);  *see also Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965,

15  979- 80 (N.D. Cal. 2014) (noting that the plaintiff must allege "the material terms of *a*

16  *specific contract."*) (Emphasis added).

17      The FAC alleges that "[Plaintiff] and TSC have a contract for the purchase and

18  sale of apparel *based on* invoices submitted by [Plaintiff] to TSC for orders placed by

19  TSC." (FAC, at 14) (Emphasis added).  Plaintiff does not attach the alleged contract nor

20  does it plead its terms.  Rather, the FAC suggests that multiple contracts are at issue,

21  alleging that "[the] contract *is based on invoices*." (*Id*.)  Further, instead of alleging the

22  terms of the purported contract, the FAC <u>only</u> alleges the terms of the invoices.  (*See,*

23  *e.g*., FAC, ¶¶ 14, 15 ["*Under the terms of these invoices*, the payment terms are either

24  Net 30, Net 60, or Net 90, as set forth on each invoice."]) (Emphasis added).  Likewise,

25  the FAC does not allege that the underlying contract was breached in any way.  Instead,

26  the FAC avers that "[t]here are over 4,000 invoices that TSC has not paid …. The total

27  amount due on these invoices is over four million dollars." (*Id*., ¶ 16).  Without alleging

28  <u>any terms</u> of the purported agreement between the parties, Plaintiff alleges that "TSC

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

breached the parties' agreement as set forth in the proceeding allegations, including without limitation by not paying millions of dollars within the time period set forth on B+C's invoices and by TSC never paying for millions of dollars in apparel that TSC received." (*Id.*, ¶ 18).

As set forth in the moving papers, Plaintiff's allegations are devoid of facts and are precisely the type of conclusory allegations condemned by *Twombly* and *Iqbal* and this Court's prior Order dismissing the original complaint.  Plaintiff's vague allegations are <u>again</u> insufficient to put TSC on notice of the contract, or contracts, at issue, or the essential terms and legal effect of any such agreement.  *See* the Hon. Gary Klausner's Order Re: Defendant TSC Apparel's Motion to Dismiss ("Order") at p. 3 (Dkt. No. 26) (granting TSC's Motion to Dismiss because, *inter alia*, Plaintiff has failed to allege terms of the contracts at issue).

Plaintiff's Opposition mischaracterizes the allegations of the FAC.  According to the Opposition, the FAC "specifically alleges each contractual term that TSC breached and the contract that it came from." (Opp., at p. 3:24-25).  Not so.  In a desperate attempt to bolster the FAC, the Opposition misrepresents the allegations of the FAC and introduces new allegations well-outside the four corners of the FAC.

To stave off dismissal, the Opposition alleges **<u>for the first time</u>** that each invoice was <u>preceded</u> by TSC's written purchase order and that the invoices constituted an acceptance of those orders.  (*See, e.g.*, "the FAC makes clear the invoices *were an acceptance* of orders that TSC placed," [Opp., at p. 6:15-18], "after each order [Plaintiff] sends out invoices," [Opp., at p. 3: 27-4:2], "[Plaintiff] confirms [TSC's order] with an invoice," [*Id.*, at p. 5:15-17], and "the invoice represents evidence of [Plaintiff's] acceptance of [Plaintiff's] order and confirms the parties' mutual assent," [*Id.*, at p. 8:28-9:1], "[f]or every order at issue, there are at least two writings …the order and the invoice," [*Id.*, 9:21-24]).  Although Plaintiff cites to paragraph 14 of the FAC as the source of these allegations, paragraph 14 only sets forth bare bone allegations of "a contract for the purchase and sale of apparel *based on invoices* submitted by [Plaintiff]

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TSC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FAC**

to TSC for *orders* placed by TSC." (FAC, ¶ 14)  (Emphasis added).  The FAC <u>does not</u> allege whether the purported orders were oral or written nor does it allege that the invoices were based on the underlying orders or constituted an acceptance of them.

Plaintiff also for the first time in the Opposition asserts that the terms of the invoices simply confirmed terms of the underlying purchase orders.  (*See, e.g.*, "the invoices merely confirmed the terms of the orders placed by TSC and they did not contain any new terms," [*Id.*, at p. 6:18-20], 'As evidence[d] in these invoices, 'the payment terms are either Net 30, Net 60, or Net 90. [Opp., 4:2-3]).  In support of these allegations, Plaintiff cites to paragraph 15 of the FAC.  However, paragraph 15 only provides the terms of the invoices and does not even mention <u>any</u> underlying orders.  (FAC, ¶ 15 ["Under the terms of these invoices ..."]).  Conveniently, Plaintiff also renames the alleged "4,000 *invoices*," (FAC, ¶ 16), and now claims that they were "orders."  (Opp., 9:10-15).

Lastly, also for the first time in the Opposition, Plaintiff avers that "[f]or every order at issue, there are <u>at least two writings</u>.  First, there is the order placed by TSC that was submitted to B+C. FAC ¶14.  Second, there is the invoice confirming the order submitted by B+C to TSC. *Id*. … Each writing contains the material term that is alleged to have been breached – *i.e.* Net 30, Net 60, or Net 90 payments terms. FAC ¶ 15." (Opp., at p. 9: 21-27).  The FAC **does not** allege any of the purported material terms of these writings.  To the contrary, it only alleges "the [payment] terms of [the] invoices."  (FAC, ¶ 15).  Based on these mischaracterized allegations, Plaintiff concludes that it pleaded the terms of the contract according to its legal effect because "the relevant terms of the contract for each order are the payment terms and they are recited in detail."  (Opp., 5:27-6:1).  Plaintiff's attempt to amend its insufficient allegations through its Opposition misrepresents the well-established law, which requires a complaint for breach of contract to plead the contract itself or plead its essential terms, and not just a single term of an invoice.  *See, e.g.*, *Twaite,* 216 Cal App. 3d at 252 (1989); *J D Factors, LLC v. Reddy Ice Holdings Inc.*, 2016 WL 6996152, at *1-2 (C.D. Cal. June 6, 2016)*.

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Plaintiff's newly invented allegations fail to save its doomed FAC.  Federal Rules of Civil Procedure 7 and 12(b)(6) limit materials considered on a motion to dismiss to the operative "pleadings."   Indeed, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008) (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)); *see also Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss," as these sorts of "'new' allegations … are irrelevant for Rule 12(b)(6) purposes.").  Nonetheless, Plaintiff asks the Court to find that it plausibly alleged claims against TSC based on information pled **nowhere** in the FAC.  By doing so, Plaintiff necessarily admits that the FAC is deficient.  For this reason alone, Plaintiffs' FAC should be dismissed and the new allegations, invented clearly for the purpose of this Opposition, disregarded.

The Opposition also attempts to distract the Court from the obvious fact that its Breach of Contract-Invoices claim is based solely on invoices.   As Plaintiff itself recognizes, under California law, invoices, standing alone, **are not** contracts.  (Opp., at p. 6: 26-27).  At the same time, the FAC alleges that <u>all</u> of the terms of the alleged contract are drawn from the invoices.  (*See, e.g.*, FAC ¶ 15).  The FAC also does not allege whether the invoices were incorporated into the purported contract(s) or whether TSC has ever assented to those invoices.  Therefore, Plaintiff's Breach of Contract-Invoices claim fails as a matter of law.

In an attempt to escape this fatal deficiency, Plaintiff argues – again for the first time in the Opposition – that the "invoices were an acceptance of orders that TSC placed" and the terms of those purported orders were "evidence[d] in these invoices."  (Opp., at p. 4:2-4, 6:15-16).  This argument is clearly only refuted by the allegations of the FAC.  Additionally, exactly the same argument was rejected by the court in *J D Factors.*, 2016 WL 6996152, at *2 (dismissing a complaint based on invoices).  The *J D Factors* court

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TSC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FAC**

explained that "Plaintiff cannot make an end run around California law by asserting that the invoices merely 'support the plausibility of this alleged agreement' and then relying upon the invoices themselves to supply the terms of a supposed contract." *Id.*  What is more, even if FAC made these allegations – <u>it does not</u> – this type of mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.  Only pleaded facts, not legal conclusions, are presumed to be true for purposes of evaluating a motion to dismiss under Rule 12(b)(6).

Plaintiff's reliance upon *Lumens Co. v. GoEco LED, LLC*, 807 F. App'x 612, 614 (9th Cir. 2020) only further underscores the deficiencies of Plaintiff's FAC.  In *Lumens*, the Ninth Circuit confirmed that the prevailing rule is that an invoice, standing alone, is not a contract. *Id.*, at 616.  Nonetheless, the court there found that contracts between the parties were formed when the defendant sent the plaintiff an offer, in the form of a purchase order, and the plaintiff accepted the offer by shipping the goods. *Id.*  Here, the FAC does not allege any underlying offers in the form of purchase orders.  And while paragraph 14 uses the word "order," it does not provide any facts to support a conclusion that a contract was formed based on that order and not, as expressly alleged, based on the invoices.  Accordingly, Plaintiff's reliance on *Lumens* is inapt.[3]

Plaintiff also improperly asks this Court to assume facts which have not been alleged in the FAC and to make unwarranted inferences beyond the scope of the FAC.

---

[3] Likewise, *Yujin Robot Co. v. Synet Elecs. Inc*., 2015 WL 12762254, at *6 (C.D. Cal. Dec. 22, 2015), cited by Plaintiff, is distinguishable.  There, the court again explained that an invoice, standing alone, is not a contract. *Id.*  Indeed, the court reasoned that the fact that the invoices "mentioned the type of cleaning robots shipped, the quantity, unit price, total amount of goods, terms of payment, and banking information," does not prove that the defendant agreed to be bound by the terms of these invoices. *Id.*  Nonetheless, because of the undisputed evidence that the defendant ordered, received, and accepted the cleaning robots and subsequently entered purchase orders with retailers for these robots, the court found that a contract for the sale of goods existed between the parties. *Id.*  Here, no similar evidence is before the Court, and, instead, at issue is the plausibility of the FAC expressly alleging "contracts based on invoices."  (FAC, ¶ 14).

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

For example, Plaintiff requests the Court to infer that because Plaintiff pleaded unpaid invoices, it therefore pleaded the essential elements of the contract or because "[it] shipped 4,000 orders to TSC, invoiced TSC for those orders, TSC has an obligation to pay." (Opp., at pp. 1:19-21, 5:27-6:1, 9:13-15). Plaintiff also asserts that "customer placing an order and being invoiced for the order is a plausible commercial contractual transaction that meets federal pleading standards." (Opp., 1: 21-23).

Contrary to Plaintiff's claim, this Court is not required to countenance Plaintiff's inability to allege sufficient facts. (Opp., at p. 6:20-23). Though material allegations are properly accepted as true, on determination of a motion to dismiss, conclusory allegations and unwarranted inferences are more appropriately disregarded. *Adams*, 355 F.3d at 1183); *accord Iqbal*, 556 U.S. at 678. Indeed, "Rule 8(a)(2) still requires a 'showing' rather than a blanket assertion, of entitlement to relief," and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555-56. Thus, Plaintiff's circular argument asking the Court to assume facts without proper foundation lacks merit.

Plaintiff also offers a puzzling statute of limitations argument. Plaintiff avers – **for the first time** – that "[f]or every order at issue, there are <u>at least two writings</u>. First, there is the order placed by TSC that was submitted to B+C. FAC ¶14. Second, there is the invoice confirming the order submitted by B+C to TSC. Id." (Opp., at p. 9: 21-27). The FAC <u>does not</u> allege any of the purported terms of purchase orders or that they are in writing. To the contrary, the only terms alleged in the FAC are "the terms of [the] invoices," (FAC, ¶ 15). Nonetheless, to the extent Plaintiff now claims that the invoices were preceded by written purchase orders, "it is absolutely essential to plead the terms of [these orders] either verbatim or according to legal effect." *Twaite*, 216 Cal App. 3d at 252. Here, Plaintiff clearly fails to do that where it simply spans conclusory allegations of the underlying – now written – purchase orders for the first time in the Oppositions papers.

To the extent the purported "contracts" are based on oral agreements, *i.e.* verbal

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

purchase orders, the two-year statute of limitations would bar the purported contracts entered into prior to 2018.  Plaintiff's argument that dismissal on statute of limitations grounds is inappropriate at the pleading stage contravenes the well-established law.  *See, e.g.*, *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (affirming dismissal of a time barred claim).

In sum, Plaintiff's new allegations raised for the first time in the Opposition do not relieve it of the pleading burden.  The FAC's vague allegations deprive TSC of knowing which contracts, if any, and which specific contractual provisions are at issue, and of course, which of the purported contracts are enforceable and not barred by the statute of limitations.  Further, Plaintiff's uncertain allegations with respect to the statute of limitations make it impossible for TSC to formulate an appropriate defense to Plaintiff's claim.  Ultimately, Plaintiff's Breach of Contract-Invoices claim, as pleaded, is again flawed and should be dismissed.

## B.  PLAINTIFF'S BREACH OF CONTRACT-INCENTIVE AGREEMENT CLAIM SHOULD BE DISMISSED

Plaintiff improperly attempts to salvage its deficient Breach of Contract – Incentive Agreement claim by explaining that pursuant to the Hon. Klausner's Dismissal Order, it pleaded the essential terms of the contract at issue, *i.e.*, the payment terms and the cancelation provision. (Opp., at p. 10:26-11:2). Plaintiff further states that its conclusory allegations regarding an alleged breach are enough. (Opp., at p. 14:11-15). Plaintiff's argument again disregards the well-established breach of contract law and federal pleading standards.

Under *Twombly*, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level" and "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. To do so, a pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Plaintiff's FAC fails to meet the requirement set forth in *Iqbal* and *Twombly*.

2    Instead, Plaintiff's allegations are confusing and repetitive.  The Breach of Contract-

3    Incentive Agreement claim adopts and incorporates each preceding allegation from the

4    FAC, including those of the First Claim of Relief alleging breaches of alleged invoices

5    dating back to 2017, and, then, attempts to bootstrap all alleged breaches into a signed

6    2019 incentive agreement and possibly an allegedly negotiated, but unsigned 2020

7    incentive agreement.  The Breach of Contract-Incentive Agreement also confusingly

8    combines allegations of incentive agreements with allegations of unpaid invoices and

9    cancelled orders and alleges millions of dollars in resulting damages.

10    The underlying requirement is that a pleading give "fair notice" of the claim

11    asserted and the "grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  In other

12    words, at the bare minimum, a complaint must at least allow the defendant to discern

13    "what he is being sued for."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

14    Plaintiff fails to do so.  To the contrary, based on the allegations of the Breach of

15    Contract-Incentive Agreement claim, TSC cannot ascertain the alleged wrongful conduct

16    for which it is being sued.  Indeed, it is impossible for TSC to discern how the incentive

17    agreement was breached, how the alleged unpaid invoices and canceled orders were

18    material to the breach, and what invoices, cancelled orders, or incentive agreements

19    constitute the basis of the alleged breach.

20    The FAC is wholly devoid of any allegations of TSC's ordering any product

21    pursuant to the terms of the Incentive Agreement.  Nonetheless, the FAC makes a gigantic

22    leap and asserts that "TSC breached the parties' agreement … including without

23    limitation by not paying millions of dollars owed within the Net 60 payment terms (or at

24    any time)."  (*Id.*, ¶ 28).  Does this include the millions of dollars already applicable to

25    Plaintiff's First Claim for Relief? Does Plaintiff contend that every invoice purportedly

26    under the alleged incentive agreement was breached or just certain invoices? Due to the

27    nature of the parties' long-standing relationship, this information is critical and, at a

28

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX (213) 627-6342

**TSC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FAC**

minimum, required by *Twombly* and *Iqbal* to provide TSC with fair notice of the alleged breaches and to allow TSC to properly frame its defenses.

Plaintiff's allegations of the purportedly cancelled orders are similarly bare, where Plaintiff avers that "TSC breached the parties' agreement by cancelling orders without [Plaintiff's] pre-approval," which harmed Plaintiff "by hundreds of thousands of dollars." (*Id.*, ¶¶ 29, 30). The Opposition does not cure these deficiencies. Instead, it simply asserts that that "[t]he FAC precisely identifies the 'specific terms of the contract' related to the cancellation of orders that are alleged to have been breached," and, then, concludes that this is "sufficient to give TSC fair notice of its alleged breach." (Opp., at p. 14:11-15). Contrary to Plaintiff's assertions, the FAC's vague and conclusory allegations are insufficient to put TSC on notice as to what is alleged against them and why. It is settled that the pleaded claim must be facially "plausible" -- that is, it must allege sufficient factual content to permit the reasonable inference that defendant is liable for unlawful conduct. *Iqbal*, 556 U.S. at 678. Again, as stated above, Plaintiff's FAC has failed to plead plausible factual allegations against TSC.

With respect to the rebates, the Opposition simply repeats implausible allegations of the FAC, but also it asserts for **the first time** in the Opposition that the purported rebates and incentives were conditioned on timely payment. (Opp., at p. 14: 26-27). Plaintiff's new allegation contradicts the allegations of the FAC, which provide that the payments and incentives are conditions on sales performance and TSC's participation in various promotions. (FAC, ¶¶ 22-23). This new allegation only further muddies the water of the already murky allegations of incentives and rebates. Furthermore, Plaintiff does not meaningfully address TSC's argument that the FAC does not allege any plausible factual grounds to show causation between TSC's purported (undefined) wrongful conduct and the alleged millions of dollars in incentive and rebate damages purportedly suffered by Plaintiff. Instead, Plaintiff attempts to misconstrue TSC's causation argument and make it into a factual determination -- which it is not.

In short, Plaintiff's FAC fails to cure any of the deficiencies of the original

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

complaint and fails to allege any details of the TSC's purported breaches of the purpoted incentive agreement.  If anything, the deficient FAC is further confusing to TSC (as it should be to this Court).  Plaintiff's bare and conclusory allegations are inadequate to plausibly state a claim for which relief should be granted.  TSC is, therefore, entitled to a dismissal of the FAC as it is impossible for TSC to defend itself effectively against the FAC without any discernible, plausible facts alleged against it.

### C.   LEAVE TO AMEND

While Plaintiff has requested leave to amend, it has now demonstrated twice that it cannot cure the defects in its claims.  The causes of action Plaintiff attempts to allege are not complex, the required elements are basic, and the deficiencies in Plaintiff's allegations are easily identified.  Further, in the Order, the Court specifically noted the very pleading deficiencies that are now subject to this Motion.  While Plaintiff's repeated failures to cure those deficiencies and allege specific facts supporting its alleged breach of contract claims lend strong credence to the conclusion that no such facts exist and that further amendment would be futile, TSC will leave this decision to the Court's discretion.

### III.   CONCLUSION

For the reasons stated above, TSC respectfully requests that the Court grant its Motion to Dismiss FAC and that the entire FAC and each claim therein be dismissed.

Respectfully submitted,

DATED:  November 20, 2020          AKERMAN LLP


By: _/s/ Evelina Gentry_____
    Evelina Gentry
    Jason S. Oletsky (Admitted *Pro Hac Vice*)
    Attorneys for Defendants
    TSC Apparel, LLC

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX (213) 627-6342