# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELLA+CANVAS, LLC, <br><br>  Plaintiff, <br><br> v. <br><br> TSC APPAREL, LLC, an Ohio limited liability company; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 2:20-cv-05947-JWH-ASx <br><br> **ORDER ON MOTION OF DEFENDANT TSC APPAREL, LLC TO DISMISS FIRST AMENDED COMPLAINT [ECF No. 31]** |

## I. INTRODUCTION

Before the Court is the motion of Defendant TSC Apparel, LLC ("TSC") to dismiss[1] the First Amended Complaint[2] of Plaintiff Bella+Canvas, LLC ("B+C"). The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons explained below, the Court **GRANTS** the Motion in part and **DENIES** the Motion in part.

## II. BACKGROUND

B+C alleges that TSC has purchased millions of dollars in apparel from B+C over the last several years.[3] B+C avers that "TSC breached agreements with B+C by failing to make timely payment for apparel that TSC has ordered and received."[4] According to the FAC, "B+C and TSC have a contract for the purchase and sale of apparel based on invoices submitted by B+C to TSC for orders placed by TSC."[5] "Each invoice identifies the apparel ordered by TSC and the price."[6] "B+C sends out invoices when a product ships to its customer, and thus all products that are subject to B+C invoices have been shipped to TSC."[7] According to B+C, TSC has failed to pay more than 4,000 invoices, with a total amount due in excess of $4 million.[8] B+C maintains that it substantially performed its obligations and that TSC breached the parties' agreement by failing to pay the invoices.[9]

---

[1] Mot. to Dismiss the First Am. Compl. (the "Motion") [ECF No. 31].
[2] First Am. Compl. (the "FAC") [ECF No. 29].
[3] *Id.* at ¶ 7.
[4] *Id.* at ¶ 12.
[5] *Id.* at ¶ 14.
[6] *Id.*
[7] *Id.*
[8] *Id.* at ¶ 16.
[9] *Id.* at ¶ 18.

B+C also alleges that it had an agreement with TSC "governing incentives and rebates."[10] "Pursuant to this agreement, TSC could earn incentives and rebates based on its sales of B+C apparel."[11] The agreement was memorialized "in a 2019 Incentive Agreement that was signed in June 2019" and in "an agreement for 2020 that was negotiated between the parties but never signed."[12] Under the agreement, "TSC was advanced over $1 million in performance incentives . . . based on its sales performance."[13]

The 2019 Incentive Agreement provides that "[w]hen TSC participates in a CRC[14] promotion and complies with all CRC promotion requirements as outlined by BELLA+CANVAS, TSC will be eligible to receive a CRC promotion rebate."[15] The 2019 Incentive Agreement memorialized the parties' agreement "to limit TSC's ability to cancel orders or make returns without B+C's permission."[16] B+C alleges that it "substantially performed its obligations under the parties' agreement, including by providing apparel to TSC when ordered and by advancing millions of dollars of incentives and CRC rebates to TSC, or B+C was excused from such performance."[17]

B+C alleges that TSC breached the agreement by cancelling orders without preapproval and by failing to pay invoices, "despite having been advanced incentive payments and CRC rebates based (at least in part) on these unpaid orders."[18]

---

[10]   *Id.* at ¶ 21.
[11]   *Id.*
[12]   *Id.*
[13]   *Id.* at ¶ 22.
[14]   The parties do not reveal what "CRC" stands for.
[15]   FAC ¶ 22.
[16]   *Id.* at ¶ 25.
[17]   *Id.* at ¶ 27.
[18]   *Id.* at ¶¶ 28 & 29.

### III. LEGAL STANDARD

A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive such a motion, the complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A contract is a voluntary and lawful agreement, by competent parties, for a good consideration, to do or not to do a specified thing." *Robinson v. Magee*, 9 Cal. 81, 83 (1858). Under California law, "[a] cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990).

"A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014). "'To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either in haec verba or according to legal effect.'" *Id.* (quoting *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989)). A complaint does not necessarily need to plead the terms of a contract with precision, but the complaint must meet the requirements of federal pleading. *See, e.g.*, *James River Ins. Co. v. DCMI, Inc.*, No. C 11-06345 WHA, 2012 WL 2873763, at *3 (N.D. Cal. July 12, 2012) ("the

sufficiency of the complaint is governed according to the Federal Rules of Civil Procedure and federal law interpreting those rules"). This means that the complaint must assert not merely allegations, but plausible allegations. *See, e.g.*, *Twombly*, 550 U.S. at 570.

## IV. DISCUSSION

### A. First Claim for Relief: Breach of Contract—Invoices

B+C's allegations fail to meet the above standard with respect to its first claim for relief. B+C does not identify any particular agreement between the parties. Rather, B+C avers in conclusory terms that the parties "have a contract for the purchase and sale of apparel based on invoices submitted by B+C to TSC for orders placed by TSC."[19] But B+C does not explain the terms of the specific contract at issue or the nature of that contract. B+C's allegation that it sent invoices to TSC does not state a claim for breach of contract; an invoice is not the same thing as a contract, and it does not necessarily reflect the agreement of the parties. For example, B+C alleges that it "sends out invoices when a product ships to its customer, and thus all products that are subject to B+C invoices have been shipped to TSC."[20] However, B+C does not plead the nature of the agreement through which it allegedly ships such apparel.

With respect to its first claim for relief, B+C fails to attach a copy of the alleged contract, to quote from the contract, or adequately to "'plead the terms of the contract either in haec verba or according to legal effect.'" *Langan*, 69 F. Supp. 3d at 979 (citation omitted). Accordingly, B+C's first claim for relief fails to state a claim upon which relief may be granted.

---

[19] *Id.* at ¶ 14.
[20] *Id.* at ¶ 14.

B. **Second Claim for Relief:  Breach of Contract—Incentive Agreement**

With respect to B+C's second claim for relief for breach of the Incentive Agreement, the FAC contains substantially more detail.  B+C alleges that the parties entered into an agreement that permitted TSC to earn incentives and rebates "based on its sales of B+C apparel."[21]  The agreement was memorialized in a signed "2019 Incentive Agreement."[22]  B+C quotes from and cites to specific parts of the Incentive Agreement.[23]  The FAC further alleges that "B+C and TSC understood and agreed that TSC could continue to earn (and in fact was advanced) CRC rebates, that payment terms were Net 60, and that TSC could not cancel or return orders without B+C pre-approval."[24]  TSC allegedly breached the agreement by failing to make timely payments and by cancelling orders without B+C's preapproval.

While not a model pleading, the FAC adequately alleges the existence of an Incentive Agreement between B+C and TSC through which TSC earned or was advanced certain incentive payments if it met certain conditions.  The FAC further alleges that these conditions included the payment of certain invoices and that TSC would not cancel orders without preapproval from B+C.  B+C alleges that TSC breached the Incentive Agreement by failing to pay invoices and by cancelling orders without permission.  Accordingly, B+C adequately pleads the existence and breach of an Incentive Agreement.

C. **Leave to Amend**

Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." *Lopez v. Smith*, 203 F.3d

---

[21]    *Id.* at ¶ 21.
[22]    *Id.*
[23]    *Id.* at ¶¶ 23-26.
[24]    *Id.* at ¶ 26.

1122, 1127 (9th Cir. 2000) (en banc) (internal quotations marks and citation omitted). From the moving and opposition papers, it is apparent that B+C can provide far more detail regarding its alleged contractual relationship with TSC than it included in its FAC. Thus, the Court **GRANTS** B+C **leave to amend** its first claim for relief.

## V. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. TSC's Motion to Dismiss the first claim for relief in B+C's FAC is **GRANTED with leave to amend**.

2. TSC's Motion to Dismiss the second claim for relief in B+C's FAC is **DENIED**.

3. B+C may file an amended complaint within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: January 5, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE